Matthew J. Morrison
Utah State Bar No. 14562
1887 N 270 E
Orem, Utah 84057
matt@oremlawoffice.com
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

### CASE NO.:

DONALD MELTON,
WARREN KETTLEWELL,
ALEX O. ALIKSANYAN,
THOMAS GRBELJA,                               CLASS ACTION COMPLAINT
VINCENT SPERO,
AND WILLIAM MCLEOD,

        Plaintiffs

v.

RENEWABLE INNOVATIONS, INC.,
RENEWABLE INNOVATIONS CORP.,
ROBERT L. MOUNT,
AND LYNN BARNEY,

        Defendants

### <u>CLASS ACTION COMPLAINT</u>

    1.    Plaintiffs, Donald Melton, Warren Kettlewell, Alex O. Aliksanyan, Thomas

Grbelja, Vincent Spero and William McLeod (collectively "Plaintiffs"), allege the following upon

information and belief, except for those allegations as to their own acts, which are based upon their

respective personal knowledge, against Renewable Innovations, Inc. and Renewable Innovations

Corp. (collectively, "Renewable Innovations" or "the Company"), and Robert L. Mount, as its

chief executive officer ("CEO"), controlling shareholder, President and Director, and Lynn Barney

as its Chief Financial Officer ("CFO"), controlling shareholder, Secretary and Director. Plaintiffs'

information and belief is also based on, among other things, the independent investigation of their counsel. This investigation included, but was not limited to, a review and analysis of: (a) Renewable Innovations' public filings with the Securities and Exchange Commission ("SEC"); (b) research reports by securities and financial analysts; (c) other publicly available presentations by Renewable Innovations; (d) Renewable Innovations' press releases; (e) news and media reports concerning Renewable Innovations and other facts related to this action; (f) data reflecting the pricing and trading volume of Renewable Innovations common shares; and (g) other publicly available material and data, including as identified herein.

<u>**NATURE OF THE ACTION**</u>

2.      Plaintiffs bring this class action on behalf of a Class consisting of themselves and all other persons who purchased any of Renewable Innovations' common stock (some represented by depositary shares) on the open market on a U.S. stock, or through private transactions during the period December 1, 2022 through the date in which Renewable Innovations' stock was delisted from all trading platforms for failure to comply with the SEC filing requirements on September 14, 2023 ("Class Period"). At its peak in December 2022, Renewable Innovations' publicly traded stock traded at $2.50 per share with a fully diluted total market capitalization value of approximately $582,000,000.

3.      Renewable Innovations, Inc., a Delaware corporation, was incorporated on June 28, 2019, and commenced its operations in 2021.  On December 1, 2022, pursuant to an Agreement and Plan of Merger, Renewable Innovations, Inc. was acquired by Nestbuilder.com Corp., a Nevada corporation, through the merger of NB Merger Corp. with and into Renewable Innovations, Inc., with Renewable Innovations, Inc. continuing as the surviving wholly owned subsidiary of Nestbuilder.com Corp. Renewable Innovations, Inc., a Delaware corporation (the

**MORRISON LEGAL SOLUTIONS**
MATTHEW J. MORRISON, 1887 N 270 E, Orem Utah 84057 - matt@oremlawoffice.com - (801) 845-2581

wholly owned subsidiary), changed its name to Renewable Innovations Corp., and Nestbuilder.com Corp. (the parent corporation) changed its name to Renewable Innovations, Inc.

4.      Thereafter, and at all times material hereto, Renewable Innovations, Inc. is incorporated in the State of Nevada, Renewable Innovations Corp. is incorporated in the State of Delaware, and Renewable Innovations maintains a principal place of business in Lindon, Utah.

5.      At all times material hereto, Renewable Innovations was focused on designing, optimizing, developing, and producing modular, scalable, zero-carbon green renewable solutions. Renewable Innovations represented to the public that its initial focus was on mobile and stationary electric vehicle rapid charging. Renewable Innovations represented to the public that it held a competitive advantage as a result of its deep engineering expertise, history in power, and market vision and combined those with industry leaders through collaboration agreements for best product, best price, and best availability. In this regard, Renewable Innovations provided the public with one example of this an alleged collaboration agreement with General Motors ("GM") for its fuel cells and batteries.

6.      To solicit investment from the public, Renewable Innovations represented that it was focused on taking advantage of the projected growth of the hydrogen market by continuing to design and build stationary power systems using hydrogen fuel cells.

7.      It is now known that Renewable Innovations' directors and officers, Mount and Barney, failed to comply with their fiduciary and legal obligations by: (i) selecting an inexperienced and inadequate accounting firm with little to no experience in the preparation of financial statements for public companies to prepare the Company's financial statements, (ii) intentionally neglecting to oversee and manage the efforts of such accounting firm, and (iii) intentionally abandoning all efforts to cure their breaches, failures and gross mismanagement,

3

which resulted in (A) the Company's delisting from the OTCQB, (B) the Company's loss of access to the public capital markets to raise capital, (C) the shareholders' complete loss of their ability to sell their shares in reliance on Rule 144 of the Securities Act of 1933, as amended, and (D) substantial harm to the shareholders of Renewable Innovations.

8.      Furthermore, it is now known that during the Class Period and thereafter, Mount and Barney failed to comply with their fiduciary and legal obligations by knowingly and materially breaching legal agreements with Renewable Innovations' customers in order to use customer deposits for their own gain rather than the intended purpose of the deposits to purchase parts and materials necessary to fulfill customer orders.  As a result, Renewable Innovations failed to fulfill customer orders, which resulted in materially reduced customer purchase orders and substantial financial harm to Renewable Innovations and its shareholders.  In addition, Mount and Barney intentionally concealed their wrongdoing from the public market and from potential private investors, which ultimately caused them to eschew traditional sources and practices of raising capital and customary terms of investment in favor of a scheme with a vulture investor, FNA Group Inc. ("FNA"), to transfer substantially all of Renewable Innovations' assets to FNA in order to cover up their wrongdoing and secure repayment of their loans to Renewable Innovations.

9.      The Defendants failure to abide by the securities filing requirements commenced on April 19, 2023, when Renewable Innovations went 31 days without any filing. To try to put a band-aid on their incompetence (or worse), the Defendants filed a Form 8-K on June 1, 2023, which claimed a non-reliance on prior filings. During those 31 days, the Company's stock dropped 29.2% thereby erasing approximately $56,400,000 in market capitalization and value.

10.     Contrary to these numerous and oft-issued public representations, on November 2, 2023, Renewable Innovations announced its Board of Directors concluded that the Renewable

**MORRISON LEGAL SOLUTIONS**
MATTHEW J. MORRISON, 1887 N 270 E, Orem Utah 84057 - matt@oremlawoffice.com - (801) 845-2581

Innovations' Financial Statements for the three months ended February 28, 2023 should no longer be relied upon due to errors. In this filing, Renewable Innovations announced they intended to file a First Amended Form 10-Q/A, including restated Renewable Innovations, Inc. Financial Statements and an updated Renewable Innovations MD&A as soon as reasonably practicable. The fact that Renewable Innovations had to issue restated financials caused the publicly traded stock to suffer from a stark decline. Over the weeks that followed the public announcement that Renewable Innovations' financial statement should no longer be relied upon, the Company's stock lost forty six percent (46%) and approximately $65,000,000 in market value. The downward pressure on the Company's stock during this time period was shown by the trading volume in which 253,000 shares were traded on down days in comparison to 62,000 shares traded on up days.

11.     However, to date, Renewable Innovations never issued restated financial statements and failed to follow any SEC reporting guidelines which caused the Company to be delisted and the Plaintiffs and all of the proposed class members have been precluded from trading their stock. In effect, the Plaintiffs and all shareholder investments have been rendered worthless as a result of the acts complained of within this lawsuit. In fact, on the last day of trading the Company stock fell nearly thirty percent (30%). On its last day of trading, approximately $75,000,000 in shareholder value was wiped out.

12.     The OTCQB provided Renewable Innovations a time to correct and cure the company's filing deficiencies, but Mount and Barney failed to do so. Consequently, the Plaintiffs and similarly situated shareholders are left with a worthless investment without any means to trade their stock.

13.     Upon information and belief, the Defendants determined that the administrative

costs and burdens associated with maintaining the public listing status and the registration exceeded the benefits. Since these costs and burdens and new ownership structure were known or had to have been known during the entire time Defendants were publicly proclaiming that the stock would remain listed, the only logical conclusion is that Defendants never intended or were deliberately reckless when making their public statements that the stock would remain publicly listed.

14. Renewable Innovations had been under intense investigation and scrutiny for its actions referenced in this litigation. The delisting means that Renewable Innovations would no longer be subject to regulatory public disclosure requirements under the Securities Exchange Act of 1934 and is thus able to impede or thwart investigations into its alleged misconduct.

15. To make matters worse, Mount and Barney have failed to comply with their fiduciary and legal obligations by knowingly and intentionally taking action to pursue their own financial interests at the expense of the Plaintiffs and other shareholders. In this regard, Mount and Barney have eschewed traditional sources of capital and customary terms of investment intended to benefit the Company and all of its shareholders in favor of a scheme with FNA that would secure immediate repayment of their loans and achieve the quickest path to alleviate their personal financial struggles, while leaving nominal, or no value, for the shareholders of Renewable Innovations. In addition, Mount and Barney violated their fiduciary and legal obligations by failing to establish an effective process designed to achieve a transaction that would produce the highest value for the shareholders of Renewable Innovations. Plaintiff, Alex O. Aliksanyan, expended substantial efforts to bring a serious alternative investor to the table who was interested in making a substantial investment directly in Renewable Innovations to the benefit of all its shareholders, but who requested that Mount be replaced with a more experienced chief executive officer. In response, Mount summarily dismissed the promising investment opportunity and

promptly entered into an exclusivity agreement with the FNA vulture investor to ward off any other potential investors and ensure that Renewable Innovations could only negotiate and deal with the FNA vulture investor, which ultimately resulted in substantial harm to the shareholders of Renewable Innovations.

16.     Upon information and belief, Mount and Barney recently secured vulture funding for Renewable Innovations by selling all of the assets of Renewable Innovations and in an agreement which will pay off Mount and Barney's own personal loans to the Company while leaving Renewable Innovations with unfavorable debt which will almost certainly be detrimental to the Plaintiffs and similarly situated shareholders.  Furthermore, it appears doubtful that the vulture funder and the Defendants will take the necessary action that would allow the Company to be publicly listed once again (and even if listed once again Renewable Innovations would be a company with no assets with everything of value sold to the vulture acquirer) and allow the investors to sell their stock if they decide to do so. Instead, the Plaintiffs have reasonable fear that the plan is to maintain a private company which is essentially owned by the vulture debt funder while Mount and Barney get relieved from their own debt owed by the Company through the vulture investor. In this regard, the Plaintiffs and the similarly situated shareholders will never be able to resurrect their investment in Renewable Innovations.

## JURISDICTION AND VENUE

17.     This action arises under Sections 10(b) (15 U.S.C. § 78j(b)) and 20(a) (15 U.S.C. § 78t(a)) of the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq., and Rule 10b-5 (17 C.F.R. § 240.10b-5) promulgated thereunder by the SEC, and is brought on behalf of investors who purchased Renewable Innovations shares privately or on the open market during the Class Period.

18.     In connection with the acts alleged herein, Defendants directly or indirectly used

MORRISON LEGAL SOLUTIONS
MATTHEW J. MORRISON, 1887 N 270 E, Orem Utah 84057 - matt@oremlawoffice.com - (801) 845-2581

the means and instrumentalities of interstate commerce, including the United States mail and facilities of a national exchange.

19.     Jurisdiction is conferred upon this Court by Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331.  This action arises out of the laws of the United States.  The Courts of the United States have exclusive jurisdiction of claims brought under the Exchange Act under 15 U.S.C. § 78aa.

20.     This Court has personal jurisdiction over Defendants pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) because Defendants have sufficient contacts with the United States through their regular and substantial transaction of business therein and exercising jurisdiction over those Defendants is reasonable.

21.     Venue is proper in this District because many of the acts and transactions constituting the violations of law herein complained of occurred within this District, including the preparation and dissemination of materially false and misleading statements and corporate documents.

## **PARTIES**

22.     Plaintiff, Donald Melton, is a resident of South Carolina.  As set forth in the attached certification, Plaintiff Melton is the owner of 125,000 shares of stock.  Plaintiff Melton commenced acquiring his stares on February 28, 2022.  Plaintiff Melton made the purchases on the integrity of the market for Renewable Innovations common stock at artificially inflated prices, and was damaged upon the delisting of all the series of stock.

23.     Plaintiff, Warren Kettlewell, is a resident of Ontario, Quebec, Canada.  As set forth in the attached certification, Plaintiff Kettlewell is the owner of 495,570 shares of stock.  Plaintiff

**MORRISON LEGAL SOLUTIONS**
MATTHEW J. MORRISON, 1887 N 270 E, Orem Utah 84057 - matt@oremlawoffice.com - (801) 845-2581

Kettlewell commenced acquiring his stares on February 2, 2022.  Plaintiff Kettlewell made the purchases in reliance on Defendants' materially false and misleading statements and omissions of material facts and on the integrity of the market for Renewable Innovations common stock at artificially inflated prices, and was damaged upon the delisting of all the series of stock.

24.     Plaintiff, Alex O. Aliksanyan, is a resident of New York.  As set forth in the attached certification, Plaintiff Aliksanyan is the owner of 3,198,036 shares of stock which includes warrants of 2,525,000 shares.  Plaintiff Aliksanyan commenced acquiring his stares on August 20, 2019.  Plaintiff Aliksanyan made the purchases in reliance on Defendants' materially false and misleading statements and omissions of material facts and on the integrity of the market for Renewable Innovations common stock at artificially inflated prices, and was damaged upon the delisting of all the series of stock.

25.     Plaintiff Aliksanyan suffered losses of approximately $1,500,000 as a result of Defendants' federal securities law violations and the material false and misleading statements and omissions alleged herein.

26.     Plaintiff, Thomas Grbelja, is a resident of New Jersey.  As set forth in the attached certification, Plaintiff Grbelja is the owner of 2,606,334 shares of stock which includes warrants of 2,025,000 shares.  Further, Plaintiff Grbelia also bought an additional 325 shares of stock during the proposed class period. Plaintiff Grbelja commenced acquiring his shares on August 20, 2019. Plaintiff Grbelja made the purchases in reliance on Defendants' materially false and misleading statements and omissions of material facts and on the integrity of the market for Renewable Innovations common stock at artificially inflated prices, and was damaged upon the delisting of all the series of stock. Plaintiff Grbelja suffered losses of approximately $1,200,000 as a result of Defendants' federal securities law violations and the material false and misleading statements

**MORRISON LEGAL SOLUTIONS**
MATTHEW J. MORRISON, 1887 N 270 E, Orem Utah 84057 - matt@oremlawoffice.com - (801) 845-2581

and omissions alleged herein.

27.     Plaintiff, Vincent Spero, is a resident of New Jersey.  As set forth in the attached certification, Plaintiff Spero is the owner of 14,783 shares of stock which he bought in the open market between the time period of May 3, 2023 and May 23, 2023, all of which remains untradeable and without the ability.  Plaintiff Spero made the purchases in reliance on Defendants' materially false and misleading statements and omissions of material facts and on the integrity of the market for Renewable Innovations common stock at artificially inflated

28.     Plaintiff, William McLeod, is a resident of Sout Carolina.  As set forth in the attached certification, Plaintiff McLeod is the owner of 1,273,882 shares of stock which includes warrants of 575,000 shares.  Plaintiff McLeod commenced acquiring his stares on August 20, 2019. Plaintiff McLeod made the purchases in reliance on Defendants' materially false and misleading statements and omissions of material facts and on the integrity of the market for Renewable Innovations common stock at artificially inflated prices, and was damaged upon the delisting of all the series of stock. Plaintiff McLeod suffered losses of approximately $586,000 as a result of Defendants' federal securities law violations and the material false and misleading statements and omissions alleged herein.

29.     Defendant Renewable Innovations is a renewable energy company headquartered in Lindon, Utah, and incorporated in Nevada.  Renewable Innovations provides services in all fifty states, including within this District.

30.     Defendant Mount has served as the Company's CEO, President and Director at all times material hereto.

31.     Defendant Barney has served as the Company, CFO, Secretary and Director at all times material hereto.

32.     At all times material hereto, Defendant Mount and Defendant Barney maintained beneficial ownership of our common stock and common stock with over 87% of the shareholder votes combined. As a result, they were able to control all material matters affecting the Company shareholders, including the election of Company directors, the acquisition or disposition of Company assets, and the future issuance of our shares. Investors who purchased the Company's stock entrusted all aspects of operational control to the Company's management team. Mount and Barney further controlled the decision to obtain vulture debt funding that allowed their loans to the Company to be repaid to the detriment of all other shareholders, including Plaintiffs.

33.     Defendants Mount and Barney are collectively referred to herein as the "Individual Defendants".

34.     The Individual Defendants are and were a controlling group of Renewable Innovations at the time of the statements complained of herein, directly or indirectly owning a majority of the common stock of Renewable Innovations.  As such, they jointly filed and certified under the relevant Securities laws all of the Company's public statements and disclosures, including the Company's last 10-K filed on June 9, 2022, and the following 8-K reports filed on June 23, 2023, September 6, 2023, and September 11, 2023.

35.     The Company and the Individual Directors have failed to file any required public disclosures or information since their last 8-K which was filed on September 11, 2023, and which disclosed the intention to hire a new accounting firm.

36.     As set forth in this lawsuit, Renewable Innovations and the Individual Directors have: (a) failed to file a Form 8-K, issue a press release or otherwise disclose the extent of the Company's inadequate accounting practices, inaccurate financial reporting and disputes with its accountant and auditor, (b) failed to file a Form 8-K, issue a press release or otherwise disclose

MORRISON LEGAL SOLUTIONS
MATTHEW J. MORRISON, 1887 N 270 E, Orem Utah 84057 - matt@oremlawoffice.com - (801) 845-2581

that the Company was using customer deposits to pay salaries of management and their affiliates and to cover day-to-day expenses rather than to purchase the parts and materials necessary to fulfill customer contracts, (c) failed to file a Form 8-K, issue a press release or otherwise disclose that a large customer, General Motors, had materially reduced its purchase orders with the Company, and (d) failed to file a Form 8-K, issue a press release or otherwise disclose that they were accepting vulture funding loans from FNA which would repay the Individual Director loans to the Company to the detriment of the other shareholders, including Plaintiffs.

## CLASS ACTION ALLEGATIONS

37.     Plaintiffs bring this action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of himself and persons who purchased or owned any series of Renewable Innovations common stock privately or on the open market on a U.S. stock exchange during the Class Period and were damaged as a result of Defendants' delisting of the common stock.  Excluded from the Class are Defendants, present and former executive officers of Renewable Innovations and any parent, subsidiary, or affiliate of Renewable Innovations, and the Individual Defendants' immediate family members (as defined in 17 C.F.R. § 229.404, Instructions (1)(a)(iii) and (1)(b)(ii)), and the legal representatives, heirs, successors, or assigns of any such excluded person.

38.     The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs believe there are thousands of members of the Class.  There are many millions of shares of each series of common stock issued and outstanding, and purchased during the Class Period.  Each series of Renewable Innovations

**MORRISON LEGAL SOLUTIONS**
MATTHEW J. MORRISON, 1887 N 270 E, Orem Utah 84057 - matt@oremlawoffice.com - (801) 845-2581

common stock was actively traded on the OTCQB Exchange throughout the Class Period, and each series traded on every day of the Class Period. Members of the Class may be identified from records maintained by Renewable Innovations or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

39.     Plaintiffs' claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

40.     Plaintiffs will fairly and adequately protect the interests of the members of the Class.

41.     Plaintiffs have retained competent counsel experienced in class action litigation under the federal securities laws to further ensure such protection; they are members of the Class; their claims are typical of the claims of all Class members; and they do not have interests antagonistic to, or in conflict with, those of the Class.

42.     There are numerous questions of law and fact that are common to the Class and predominate over any questions affecting individual members of the Class, including:

    a.  Whether the federal securities laws were violated by Defendants' acts as alleged herein;

    b.  Whether Defendants misrepresented or omitted material facts concerning their plans regarding the continued listing of Renewable Innovations common stock;

    c.  Whether Defendants' statements omitted material facts necessary to make the statements made not misleading in light of the circumstances under which they were made;

    d.  Whether Defendants knew or recklessly disregarded that their statements were false and misleading;

    e.  Whether the prices of Renewable Innovations' common shares were artificially inflated during the Class Period; and

**MORRISON LEGAL SOLUTIONS**
MATTHEW J. MORRISON, 1887 N 270 E, Orem Utah 84057 - matt@oremlawoffice.com - (801) 845-2581

      f.   Whether members of the Class were damaged by virtue of their investments in Renewable Innovations' common shares during the Class Period, and if so, the appropriate measure of damages.

43.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy since a multiplicity of actions could result in an unwarranted burden on the Court system and could create the possibility of inconsistent judgments. Moreover, a class action will allow redress for many persons whose claims would otherwise be too small to litigate individually. There will be no difficulty in the management of this action as a class action.

## GENERAL BACKGROUND AND SUBSTANTIVE ALLEGATIONS

### The Common Stock

44.    Renewable Innovations, Inc., a Delaware corporation, was incorporated on June 28, 2019 and commenced operations in 2021. On December 1, 2022, pursuant to an Agreement and Plan of Merger, Renewable Innovations, Inc. was acquired by Nestbuilder.com Corp., a Nevada corporation, through the merger of NB Merger Corp. with and into Renewable Innovations, Inc., with Renewable Innovations, Inc. continuing as the surviving wholly owned subsidiary of Nestbuilder.com Corp. Renewable Innovations, Inc., a Delaware corporation (the wholly owned subsidiary), changed its name to Renewable Innovations Corp., and Nestbuilder.com Corp. (the parent corporation) changed its name to Renewable Innovations, Inc. The Company discontinued the historical business of Nestbuilder.com on February 28, 2023.

45.    The listing and the continuation of that listing of the series of common stock on the publicly traded exchange was such a critical component of Company's business objectives and as a critical inducement to obtain shareholders to invest into the Company.

46.    Prior to the delisting, on September 15, 2023, Renewable Innovations engaged in

accounting practices that warranted a disclosure that its financial statement should no longer be relied upon due to errors. While the Company publicly promised to reissue financial statements that could be relied upon, the Defendants failed to do so. As a result of adverse disclosures resulting from the restatement of Renewable Innovations' financial statements, increases in loss reserves, and the disclosure of an investigation by the SEC, Renewable Innovations' stock price dropped.

47.     All publicly filed SEC disclosures that are referenced herein and relied upon to bring this action were signed and certified by the Individual Defendants.

48.     At the same time Renewable Innovations' management was representing to the investing public that the poor performance of Renewable Innovations stock was to be short-lived, upon information and belief, the Individual Defendants intended to take the Company private and to cease all required filings and activities to maintain a publicly listed Company wherein the Class Members could trade their shares. This led to the Class Member shares being deemed worthless.

49.     In fact, upon information and belief the Individual Defendants have been gearing up for a take-private acquisition for months. For example, the Defendants are currently actively pursuing (or completed) an asset transfer with FNA where all assets of Renewable Innovations will be purchased by FNA in payment of the outstanding debts of Renewable Innovations, including $1,100,000 of debt relief for Defendant and CEO Robert Mount. This transaction, if finalized, would essentially wipe out all the public class shareholders rendering their shares worthless, thus leaving a shell public company with no market to trade the worthless shares. Yet, the proposed deal with FNA would, upon information and belief, greatly enrich the Individual Defendants.

50.     Listing of a stock on a national securities exchange is an important feature to

MORRISON LEGAL SOLUTIONS
MATTHEW J. MORRISON, 1887 N 270 E, Orem Utah 84057 - matt@oremlawoffice.com - (801) 845-2581

investors, the absence of which adversely affects the market and trading price of the stock.  Listing on a national securities exchange triggers a company's reporting requirements under the Securities Exchange Act of 1934.  Such reporting requirements provide stockholders with material information about their stocks.  The listing also provides stockholders with a liquid trading market. Notably, most institutional investors cannot invest in unlisted securities. Most brokerage houses cannot trade unlisted securities for their clients.  Investing in delisted securities is thus possible for only a very small universe of investors through a very limited number of financial intermediaries. Delisting of a security has very negative consequences with respect to its liquidity, transferability, and price.

51.    The investing public places great reliance on the protections afforded by being listed.  Listing on the public exchange helps protect the liquidity of shares and reassures stockholders and potential purchasers that the reporting requirements are being met.  Listing and trading on a national exchange carries implicit guarantees of trustworthiness, financial stability, and fair disclosure, as well as assurance that investors will be dealt with fairly and pursuant to law. Among other things, the public listing requires a majority of directors on a company board to be independent.

52.    On September 15, 2023, and contrary to Defendants' representations within its SEC filings and public statements, Renewable Innovations was delisted as a result of the Defendants failing to comply with the securities disclosures and requirements mandated to remain a publicly traded stock.

53.    The delisting was effective on or September 15, 2023, however, Renewable Innovations' SEC reporting obligations with respect to the common stock were never suspended.

54.    No indication or explanation was given by any Defendant as to why the actions (or

inactions) took place which led to the delisting and the rendering of the Plaintiffs and Class Member stock worthless.

55.   This market reaction to the delisting clearly demonstrates the materiality of the Defendants' false and misleading statements and the damage to Plaintiffs and the other purchasers of the common stocks.

56.   Not only was the price decline sharp and immediate, the fact of delisting eliminated financial reporting protections under the Securities Exchange Act of 1934 afforded by the listing. Thus, the common stockholders would no longer receive material information about Renewable Innovations and its financial condition, which would continue to undermine any trading market for the common.

57.   The "cost savings" obtained by the delisting was, in actuality, a transfer of wealth from the holders of the common shares to Individual Defendants. These savings presumably went straight to the new Renewable Innovations' bottom line, potentially increasing profits that benefitted the post-closing equity holders, while the almost complete drop in the value of the stock that was caused by the delisting damaged the public holders of those common shares.

58.   Unsurprisingly, common stockholders were shocked and angry. Other investors have expressed similar sentiments, and have contacted Renewable Innovations directly to note their disapproval. At the same time, through the proposed FNA deal, the Individual Directors will receive a seven figure sum while the Plaintiffs and other similarly situated investors receive nothing.

**Loss Causation**

59.   As alleged herein, Defendants engaged in a scheme to deceive investors in common and preferred shares during the Class Period by misrepresenting and omitting material facts

17

concerning the future of its shares, including their continued listing on the public exchange.

60.     Relying upon the integrity of the market price of Renewable Innovations' common shares and public information relating to Renewable Innovations and the continuation of the listing of the common shares on the exchange, Plaintiffs and the other Class Members purchased or otherwise acquired Renewable Innovations' common shares at prices that incorporated and reflected Defendants' misrepresentations and omissions of material fact, as alleged herein.

61.     Plaintiffs and the Class suffered actual economic loss and were damaged when the foreseeable risks of Defendants' fraudulent scheme and concealment by the Defendants' misstatements and omissions were disclosed upon the disclosure of the planned delisting of all the series of common stock.

62.     As a direct and proximate result of the announcement of the delisting, the price of every series of Renewable Innovations common stock dropped almost 100%, a market loss of over $75,000,000 million.

63.     As set forth herein, Defendants' wrongful conduct directly and proximately caused the damages suffered by Plaintiffs and the Class.  Throughout the Class Period, the prices at which Plaintiffs and the Class purchased Renewable Innovations common stock were artificially inflated as a result of Defendants' materially false and misleading statements and omissions of material fact concerning the future viability and market for Renewable Innovations' common shares.  Had Defendants disclosed complete, accurate, and truthful information during the Class Period concerning their intent and future plans to delist the common shares, Plaintiffs and the Class would not have purchased or otherwise acquired Renewable Innovations' common shares either at all or at the artificially inflated prices that they paid.  It was entirely foreseeable to Defendants that engaging in the fraud designed to tout the continued listing on the public exchange of the common shares

18

likely enabled increased investments and support for the Company, and the concealment of their intent from the public would cause the prices of Renewable Innovations' common shares to be artificially inflated, or would maintain existing artificial inflation.  It was also foreseeable that the ultimate disclosure of this information, and/or the materialization of the risks concealed by Defendants' material misstatements and omission, would cause the price of Renewable Innovations' common shares to decline.

64.     Thus, Defendants' conduct, as alleged herein, proximately caused foreseeable losses to Plaintiffs and the Class who purchased or otherwise acquired Renewable Innovations' common shares during the Class Period.

65.     The economic losses, i.e., damages, suffered by Plaintiffs and the Class are direct and foreseeable results of: (i) Defendants' materially false or misleading statements and omissions of material fact; (ii) the perpetuation of the fraudulent scheme; and (iii) the subsequent declines in the prices of Renewable Innovations' common shares when the truth was revealed upon the announcement of the delisting.

**Presumption of Reliance**

66.     At all relevant times, the market for Renewable Innovations' common shares was efficient for the following reasons:

a.  The common shares met the requirements for listing, and were listed and traded daily on the OTCQB, a highly efficient and automated market.

b.  As a regulated issuer, Renewable Innovations filed periodic reports with the SEC.

c.  Renewable Innovations regularly communicated with public investors via established market communication mechanisms, including the regular issuance of

press releases on major newswire services and through other wide- ranging public

disclosures, such as communications with the financial press and other similar

reporting.

    d.   Renewable Innovations was followed by market professionals, rating agencies, and

securities analysts.

67.    As a result of the foregoing, the market for Renewable Innovations' common shares

promptly digested current information from all publicly available sources and reflected such

information in the prices of Renewable Innovations' common shares.  Under these circumstances,

purchasers of Renewable Innovations' common shares who purchased during the Class Period suffered

similar injury through their purchase of common shares at artificially inflated prices, and a presumption of

reliance applies.

68.    Alternatively, Plaintiffs and the members of the Class are entitled to the presumption

of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v.*

*United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in

their statements in violation of a duty to disclose such information.

### COUNT I
**Against Defendants for Violation of Sections 10(b) of**
**The Exchange Act and Rule 10b-5 Thereunder**

69.    Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

70.    Defendants participated in a course of conduct involving misrepresentation and

concealment of adverse material information about the continued listing of the common shares of

Renewable Innovations as specified herein.

71.    Defendants employed devices, schemes, and artifices to defraud, while in possession

of material adverse non-public information and engaged in acts, practices, and a course of fraudulent

conduct as alleged herein in an effort to assure investors of the continued listing of Renewable Innovations'  securities, which included the making of, or the participation in the making of, untrue statements of material facts and omitting to state material facts necessary in order to make the statement made about listing of the shares, in light of the circumstances under which they were made, not misleading.  This conduct operated as a fraud and deceit upon the purchasers of Renewable Innovations' common shares during the Class Period.

72.     Defendants are liable as direct participants in the wrongs complained of herein.

73.     Had Plaintiffs and the other members of the Class known of the material adverse information not disclosed by Defendants, or had they been aware of Defendants' material misstatements, they would not have purchased Renewable Innovations' common shares at artificially inflated prices.

74.     Plaintiffs and the Class were injured because the risks that materialized were risks of which they were unaware as a result of Defendants' misrepresentations, omissions, and other fraudulent conduct alleged herein.  The material decline in the price of Renewable Innovations' common shares was caused by the public dissemination of the true facts, which were previously concealed or hidden.  Absent Defendants' wrongful conduct, Plaintiffs and the Class would not have been injured.

75.     The price of Renewable Innovations' common shares declined materially upon public disclosure of the true facts, which had been misrepresented or concealed, as alleged in this complaint. Plaintiffs and other members of the Class have suffered substantial damages as a result of the wrongs alleged herein.

76.     By reason of the foregoing, Defendants violated Section 10(b) of the Exchange Act

**MORRISON LEGAL SOLUTIONS**
MATTHEW J. MORRISON, 1887 N 270 E, Orem Utah 84057 - matt@oremlawoffice.com - (801) 845-2581

and Rule 10b-5 promulgated thereunder.

<u>COUNT II</u>
**Against the Individual Defendants**
**Pursuant to Section 20(a) of the Exchange Act**

77.     Plaintiffs incorporate by reference and realleges each of the foregoing allegations.

78.     The Individual Defendants had direct involvement in the day-to-day operations of the Company and had the power to control or influence the particular statements giving rise to the securities violations as alleged herein, and exercised the same.

79.     As set forth above in Count I, Renewable Innovations violated Section 10(b) and Rule 10b-5 promulgated thereunder by its acts and omissions as alleged in this Complaint.

80.     By virtue of his positions as Chairman, President and CEO of Renewable Innovations, and a member of the group that controlled Renewable Innovations, Defendant Mount is liable for the Company's violations of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, as alleged in Count I, pursuant to Section 20(a) of the Exchange Act.

81.     By virtue of their positions as director, CFO and secretary of Renewable Innovations, Defendant Barney is liable for the Company's violations of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, as alleged in Count I, pursuant to Section 20(a) of the Exchange Act.

82.     As a result of the deceptive practices and false and misleading statements and omissions, the market price of Renewable Innovations' common shares was artificially inflated during the Class Period.  In ignorance of the materially false and misleading nature of the representations described above and the deceptive and manipulative devices employed by Defendants, Plaintiffs and the other members of the Class, in reliance on either the integrity of the market and/or directly on the statements and reports of Defendants, purchased Renewable

22

Innovations' common shares at artificially inflated prices.

83.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

84.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

85.     Plaintiffs and the other members of the Class have been damaged by the violations as described in this Count and seek recovery for the damages caused thereby.

<div align="center">

**COUNT III**
**Against the Individual Defendants**
**Breach Of Fiduciary Duty**

</div>

86.     Plaintiffs incorporate by reference and realleges each of the foregoing allegations.

87.     The Individual Defendants owed a fiduciary duty to all Renewable Innovations shareholders, including the Plaintiffs.

88.     As set forth above, the Individual Defendants placed their own interests above the Plaintiffs and all shareholders by negotiating a deal with FNA which would pay off the Individual Defendants' debt with Renewable Innovations under onerous terms that were not otherwise beneficial to all other shareholders.

89.     As a direct and proximate result of Individual Defendants' wrongful conduct, Plaintiffs and other members of the Class suffered damages in connection with the Defendants debt deal negotiated with FNA.  Plaintiffs and the other members of the Class have been damaged by the violations as described in this Count and seek recovery for the damages caused thereby.

<div align="center">

**COUNT IV**
**Injunction Against the Company**

</div>

<div align="center">

23

**MORRISON LEGAL SOLUTIONS**

</div>

90.     Plaintiffs incorporate by reference and realleges each of the foregoing allegations.

91.     Recently, the Individual Defendants have placed their own interests above the other shareholders and have eschewed traditional sources and practices of raising capital and customary terms of investment in favor of a scheme with a vulture investor, FNA, to transfer substantially all of Renewable Innovations' assets to FNA in order to cover up their wrongdoing and secure repayment of their loans to Renewable Innovations.

92.     Upon information and belief, the proposed deal with FNA would essentially sell all of the assets and value of the Company to FNA and lead to a significant payment to the Individual Defendants, while leaving Renewable Innovations as a shell company stripped with all of its valuable assets.

93.     The Plaintiffs, individually and on behalf of the proposed class, hereby seek an injunction to prevent the FNA transaction under the terms set forth above, and unless the FNA or any other related transaction benefits all shareholders in an equitable fashion.

94.     The Plaintiffs and the proposed class would suffer irreparable harm if the FNA or another similar deal is completed.

95.     The injunction consistent with the above would not be adverse to the public interest. Instead, it would protect the shareholders from an inequitable transaction whereby Renewable Innovations is stripped of its valuable assets and the Individual Defendants receive the lion's share (or all) of the monetary payment from FNA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and the other members of the Class, prays for judgment as follows:

1.     Declaring this action to be a proper class action maintainable pursuant to Fed. R.

24

Civ. P. 23(b)(3) and declaring Plaintiffs to be proper Class representatives;

2.      Awarding Plaintiffs and the other members of the Class damages suffered as a result of the wrongs complained of herein, together with appropriate interest;

3.      Awarding Plaintiffs and the other members of the Class their costs and expenses of this litigation, including reasonable attorneys' fees and experts' fees and other costs and disbursements;

4.      Entering an injunction which prohibits any transaction with FNA or a similar investor which sells the assets of Renewable Innovations in a manner that places the interests of the Individual Defendants above the other shareholders; and

5.      Awarding Plaintiffs and the other members of the Class such other and further relief as may be just and proper under the circumstances.

## JURY DEMAND

Plaintiffs demands a trial by jury for all claims so triable.


DATED: September 27, 2024

<div style="margin-left:40%">

MORRISON LEGAL SOLUTIONS
1887 North 270 East
Orem, Utah 84057
matt@oremlawoffice.com
(801) 845-2581

s/Matthew J. Morrison

MATTHEW J. MORRISON
Utah Bar No.:  14562

</div>

**MORRISON LEGAL SOLUTIONS**
MATTHEW J. MORRISON, 1887 N 270 E, Orem Utah 84057 - matt@oremlawoffice.com - (801) 845-2581