JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)**  County of Residence of First Listed Plaintiff _____<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government
     Plaintiff
- ☐ 2   U.S. Government
     Defendant
- ☐ 3   Federal Question
     *(U.S. Government Not a Party)*
- ☐ 4   Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                        *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>     & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>     Student Loans<br>     (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>     of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>     Liability<br>☐ 320 Assault, Libel &<br>     Slander<br>☐ 330 Federal Employers'<br>     Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>     Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>     Product Liability<br>☐ 360 Other Personal<br>     Injury<br>☐ 362 Personal Injury -<br>     Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>     Product Liability<br>☐ 367 Health Care/<br>     Pharmaceutical<br>     Personal Injury<br>     Product Liability<br>☐ 368 Asbestos Personal<br>     Injury Product<br>     Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>     Property Damage<br>☐ 385 Property Damage<br>     Product Liability | ☐ 625 Drug Related Seizure<br>     of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards<br>     Act<br>☐ 720 Labor/Management<br>     Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>     Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>     Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>     28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>     New Drug Application<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>     3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>     Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>     Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>     Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>     Accommodations<br>☐ 445 Amer. w/Disabilities -<br>     Employment<br>☐ 446 Amer. w/Disabilities -<br>     Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>     Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>     Conditions of<br>     Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>     Actions | ☐ 870 Taxes (U.S. Plaintiff<br>     or Defendant)<br>☐ 871 IRS—Third Party<br>     26 USC 7609 | ☐ 899 Administrative Procedure<br>     Act/Review or Appeal of<br>     Agency Decision<br>☐ 950 Constitutionality of<br>     State Statutes |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1   Original
     Proceeding
- ☐ 2   Removed from
     State Court
- ☐ 3   Remanded from
     Appellate Court
- ☐ 4   Reinstated or
     Reopened
- ☐ 5   Transferred from
     Another District
     *(specify)*
- ☐ 6   Multidistrict
     Litigation -
     Transfer
- ☐ 8   Multidistrict
     Litigation -
     Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
     UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:     ☐ Yes     ☐No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____     DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____     AMOUNT _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**Civil Nature of Suit Code Descriptions**
**(Rev. 06/17)**

**Contract**

| Code | Title | Description |
|------|-------|-------------|
| 110 | Insurance | Action alleging breach of insurance contract, tort claim, or other cause related to an insurance contract, except for maritime insurance contracts. |
| 120 | Marine | Action (Admiralty or Maritime) based on service, employment, insurance or other contracts relating to maritime vessels and other maritime contractual matters. |
| 130 | Miller Act | Action based on performance and payment bonds agreed to by contractors on federal construction projects as required under the Miller Act, 40 U.S.C. § 3131-3134. |
| 140 | Negotiable Instrument | Action relating to an agreement to pay a specific amount of money, including promissory notes, loan agreements and checks. |
| 150 | Recovery of Overpayment & Enforcement Judgment | Action to recover debt owed to the United States, including enforcement of judgments, based on overpayments and restitution agreements involving matters other than Medicare benefits, student loans and veterans' benefits. |
| 151 | Medicare | Action relating to Medicare payments, including actions for payments of benefits, to recover overpayments, and for judicial review of administrative decisions. |
| 152 | Recovery of Defaulted Student Loans (Excludes Veterans) | Action to recover debt owed to the United States from defaulted student loan. |
| 153 | Recovery of Overpayment of Veterans' Benefits | Action relating to payments of veterans' benefits, primarily including actions to recover overpayments. |
| 160 | Stockholders' Suits | Action brought by stockholder(s) of a corporation (including both stockholder derivative suits and direct actions based on plaintiff's rights as a stockholder), usually alleging claims based on contract and/or tort law and/or fiduciary obligations. |
| 190 | Other Contract | Action primarily based on rights and obligations under a contract not classifiable elsewhere under the specific natures of suit under "Contract." |
| 195 | Contract Product Liability

Actions primarily alleging personal injury or property damage caused by a defective product should be classified under the appropriate nature of suit code under "TORTS." | Action concerning damages caused by a defective product, not primarily involving personal injury or property damage, and based primarily on breach of contract, breach of warranty, misrepresentation, and/or violation of consumer protection laws. |
| 196 | Franchise | Action arising from a dispute over a franchise agreement, typically alleging breach of contract, misrepresentation or unfair trade practices. |

**Civil Nature of Suit Code Descriptions (Rev. 06/17)**

**Real Property**

| Code | Title | Description |
|------|-------|-------------|
| 210 | Land Condemnation | Action by a governmental entity to take privately-owned real property (land or buildings) for public use for compensation. |
| 220 | Foreclosure | Action to enjoin foreclosure on real property by mortgage lender. |
| 230 | Rent Lease & Ejectment | Action for rental or lease payments owed on real property and/or to eject a party occupying real property illegally. |
| 240 | Torts to Land | Action alleging trespass to land, nuisance, contamination or other unlawful entry on or interference with real property possessed by another. |
| 245 | Tort Product Liability | Action alleging harm by an unsafe product based on negligence, breach of warranty, misrepresentation, and strict tort liability. |
| 290 | All Other Real Property | Action primarily based on unlawful conduct relating to real property that cannot be classified under any other nature of suit. |

**Torts/Personal Injury**

| Code | Title | Description |
|------|-------|-------------|
| 310 | Airplane (Excludes airplane product liability claims) | Action alleging personal injury or wrongful death from an air crash or other occurrence involving an airplane. |
| 315 | Airplane Product Liability | Action alleging personal injury or death from an air crash or other occurrence involving an airplane and caused by a defective product. |
| 320 | Assault, Libel & Slander (Excludes a government employee) | Action alleging intentional acts of assault, libel, trade libel or slander by a private party. |
| 330 | Federal Employers' Liability | Action for personal injury or wrongful death brought by a railroad employee or his survivors under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51, et. seq. |
| 340 | Marine (Excludes marine product liability claims) | Action (Admiralty and Maritime) alleging personal injury or death from an accident involving a water vessel or harbor/dock facilities, including suits brought under the Jones Act and the Limitation of Liability Act. |
| 345 | Marine Product Liability | Action (Admiralty and Maritime) alleging personal injury or wrongful death from an accident involving a water vessel or harbor/dock facilities and caused by a defective product. |
| 350 | Motor Vehicle | Action alleging personal injury or wrongful death from negligence involving a motor vehicle but not caused by a defective product. |
| 355 | Motor Vehicle Product Liability | Action alleging personal injury or wrongful death involving a motor vehicle and caused by a defective product. |
| 360 | Other Personal Injury | Action primarily based on personal injury or death caused by negligence or intentional misconduct, including suits brought against the United States under the Federal Tort Claims Act, and which cannot be classified under any other nature of suit. |
| 362 | Personal Injury - Medical Malpractice | Action alleging personal injury or wrongful death caused by negligence in medical care provided by a doctor or other health care professional. |
| 365 | Personal Injury - Product Liability (Excludes a marine or airplane product) | Action alleging personal injury or death resulting from a defective product. |
| 367 | Health Care/Pharmaceutical Personal Injury Product Liability | Action alleging personal injury or death caused by a defective medical or pharmaceutical product. |
| 368 | Asbestos Personal Injury Product Liability | Action alleging personal injury or death caused by exposure to asbestos products. |

## Civil Nature of Suit Code Descriptions
## (Rev. 06/17)

### Personal Property

| Code | Title | Description |
|---|---|---|
| 370 | Other Fraud (Excludes any property that is not real property) | Action primarily based on fraud relating to personal property that cannot be classified under any other nature of suit. |
| 371 | Truth in Lending  Actions relating to fraud or misrepresentation in the transfer of real property should be classified under nature of suit 290, "All Other Real Property," or, if foreclosure is involved, under nature of suit 220, "Foreclosure." | Action alleging violation of the federal Truth in Lending Act arising from consumer loan transactions involving personal property including automobile loans and revolving credit accounts. |
| 380 | Other Personal Property Damage | Action primarily based on damage to personal property caused by harmful conduct such as negligence, misrepresentation, interference with business relationships or unfair trade practices. |
| 385 | Property Damage Product Liability | Action alleging damage to personal property caused by a defective product. |

### Civil Rights

| Code | Title | Description |
|---|---|---|
| 440 | Other Civil Rights (Excludes claims against corrections officials) | Action alleging a civil rights violation other than the specific civil rights categories listed below or a violation related to prison.  Example: Action alleging excessive force by police incident to an arrest. |
| 441 | Voting | Action filed under Civil Rights Act, 52 U.S.C. § 10101, and Voting Rights Act, 52 U.S.C. § 10301 |
| 442 | Employment | Action filed under Age Discrimination in Employment Act 29:621:634, Equal Employment Opportunity Act (Title VII) 42:2000E, Performance Rating Act of 1950 5:4303 |
| 443 | Housing/Accommodations | Action filed under the Fair Housing Act (Title VII), 42 U.S.C. § 3601 & 3602. |
| 445 | Americans With Disabilities - Employment | Action of discrimination against an employee with disabilities of any type in the work place, filed under 42 U.S.C. § 12117 |
| 446 | Americans With Disabilities - Other | Action  of discrimination against an individual with disabilities in areas other than employment, filed under 42 U.S.C. § 12133 (exclusion or discrimination in provision of services, programs or activities of a public entity) or 42 U.S.C. § 12188 (public accommodations) |
| 448 | Education | Action filed under the Individuals with Disabilities Educations Act, 20 U.S.C. § 1401 and Title IX of the Education Amendment of 1972, 20 U.S.C. § 1681 et seq. |

**Civil Nature of Suit Code Descriptions (Rev. 06/17)**

**Prisoner Petitions**
**Habeas Corpus**

| Code | Title | Description |
|------|-------|-------------|
| 463 | Alien Detainee | Immigration habeas petition under 28 U.S.C. § 2241. All cases filed with this nature of suit code are restricted to case participants and public terminals. Petition is filed by an alien detainee. |
| 510 | Motions to Vacate Sentence | Action by a prisoner to vacate or modify a sentence imposed in federal court, other than a death sentence, under 28 U.S.C. § 2255. |
| 530 | General | Action by a federal or state prisoner currently in custody challenging the legality of confinement or other punishment. This includes claims alleging illegalities that occurred in trial (for example, ineffective assistance of counsel), sentencing (including fines and restitution orders), or disciplinary proceedings in prison (for example, loss of good time credits). Habeas petition under 28 U.S.C. § 2254 or prisoner habeas under 28 U.S.C. § 2241. |
| 535 | Death Penalty | Action by a federal or state prisoner challenging a death sentence. |

**Other**
**Prisoner Petitions**

| Code | Title | Description |
|------|-------|-------------|
| 540 | Mandamus & Other | Action by prisoner currently in custody for a writ of mandamus to compel action by a judge or government official relating to the prisoner's confinement, including conditions of confinement. This category also includes any actions other than mandamus brought by a prisoner currently in custody, whether or not it relates to his confinement, if it is not classifiable under any other nature of suit category under Prisoner Petitions (for example, action by prisoner to recover property taken by the government in a criminal case). |
| 550 | Civil Rights | Action by current or former prisoner alleging a civil rights violation by corrections officials that is not related to a condition of prison life. |
| 555 | Prison Condition | Action by current prisoner, or former prisoner or their families alleging a civil rights, Federal Tort Claims Act, or state law claim with respect to a condition of prison life, whether general circumstances or particular episodes. Examples: inadequate medical care or excessive force by prison guards. Includes non-habeas actions by alien detainees alleging unlawful prison conditions. |
| 560 | Civil Detainee - Conditions of Confinement (Excludes actions by alien detainees) | Action by former prisoner who was involuntarily committed to a non-criminal facility after expiration of his or her prison term alleging unlawful conditions of confinement while in the non-criminal facility. This category includes, for example, an action by a former prisoner classified as a Sexually Dangerous Person or Sexually Violent Predator alleging civil rights violations during his detention in a medical facility. |

**Civil Nature of Suit Code Descriptions**
**(Rev. 06/17)**

### Forfeiture/Penalty

| Code | Title | Description |
|------|-------|-------------|
| 625 | Drug Related Seizure of Property 21 U.S.C. § 881 | Action (Forfeiture) by which property itself is accused of wrongdoing and is forfeited to the government as a result. |
| 690 | Other | Action primarily based on Acts or Bills that cannot be classified under any other nature of suit, such as: Endangered Species Act, Federal Hazardous Substance Act 15:1261, Game & Wildlife Act 15:256C et seq. (Penalty), Federal Trade Commission Act 15:41-51 (Penalty), Federal Coal Mine Health & Safety Act 30:801 et seq. (Penalty), Load Line Act 46:85-85G, McGuire Bill (Federal Fair Trade) 15:45L Penalty, Marihuana Tax Act 50 STAT 551, Motorboat Act 46:526-526T, National Traffic & Motor Vehicle Safety Act penalty 49:1655, Veterans' Benefit Act, Title 38 Penalty. |

### Labor

| Code | Title | Description |
|------|-------|-------------|
| 710 | Fair Labor Standards Act (Non-Union) | Action relating to non-union workplace related disputes filed under the Fair Labor Standards Act, 29 U.S.C. § 201 including but not limited to wage discrimination, paid leave, minimum wage and overtime pay. |
| 720 | Labor/Management Relations (Union) | Action relating to disputes between labor unions and employers as well as all petitions regarding actions of the Nation Labor Relations Board (NLRB) |
| 740 | Railway Labor Act | Action relating to disputes filed under the Railway Labor Act, 45 U.S.C. § 151 including labor disputes, individual claims, and response to sanctions. |
| 751 | Family and Medical Leave Act | Action filed under the Family Medical Leave Act, 29 U.S.C. § 2601 |
| 790 | Other Labor Litigation | Action primarily based on labor disputes not addressed by other NOS codes (includes Labor/Management Reporting and Disclosure Act) |
| 791 | Employee Retirement Income Security Act | Action filed under the Employee Retirement Income Security Act, 29 U.S.C. § 1132 by individuals and labor organizations. |

### Immigration

| Code | Title | Description |
|------|-------|-------------|
| 462 | Naturalization Application | Action seeking review of denial of an application for naturalization [8 U.S.C. § 1447(b)] or alleging failure to make a determination regarding an application for naturalization [8 U.S.C. § 1421(c)]. |
| 465 | Other Immigration Actions | Action (Immigration-related) that do not involve Naturalization Applications or petitions for Writ of Habeas Corpus, such as complaints alleging failure to adjudicate an application to adjust immigration status to permanent resident. |

**Civil Nature of Suit Code Descriptions**
**(Rev. 06/17)**

**Bankruptcy**

| Code | Title | Description |
|------|-------|-------------|
| 422 | Appeal 28 USC § 158 | All appeals of previous bankruptcy decisions filed under 28 U.S.C. §  158 |
| 423 | Withdrawal of Reference 28 USC § 157 | Action held in bankruptcy court requesting withdrawal under the provisions of 28 U.S.C. § 157 |

**Property Rights**

| Code | Title | Description |
|------|-------|-------------|
| 820 | Copyright | Action filed in support or to dispute a copyright claim. |
| 830 | Patent | Action filed in support or to dispute a patent claim. |
| 835 | Patent – Abbreviated New Drug Application (ANDA) | Action filed in support or to dispute a patent claim involving an Abbreviated New Drug Application (ANDA). These cases are also known as "Hatch-Waxman" cases. |
| 840 | Trademark | Action filed in support or to dispute a trademark claim |

**Social Security**

| Code | Title | Description |
|------|-------|-------------|
| 861 | HIA (1395ff) | Action filed with regard to social security benefits associated with Health Insurance Part A Medicare |
| 862 | Black Lung (923) | Action filed with regard to social security benefits provided for those who contracted Black Lung or their beneficiaries |
| 863 | DIWC/DIWW (405(g)) | Action filed with regard to social security benefits provided to disabled individuals: worker or child, or widow |
| 864 | SSID Title XVI | Action filed with regard to social security benefits provided to Supplemental Security Income Disability under Title XVI |
| 865 | RSI (405(g)) | Action filed with regard to social security benefits provided for Retirement, Survivor Insurance under 42 U.S.C. § 405 |

**Federal Tax Suits**

| Code | Title | Description |
|------|-------|-------------|
| 870 | Taxes (U.S. Plaintiff or Defendant) | Action filed under the Internal Revenue Code (General) |
| 871 | IRS-Third Party 26 USC 7609 | Action filed under the Internal Revenue Code - Tax Reform Act of 1976 (P.L. 94-455) Third Party |

# Civil Nature of Suit Code Descriptions
## (Rev. 06/17)

### Other Statutes

| Code | Title | Description |
|------|-------|-------------|
| 375 | False Claims Act | Action filed by private individuals alleging fraud against the U.S. Government under 31 U.S.C. § 3729. |
| 376 | Qui Tam (31 U.S.C. § 3729(a)) | Action brought under the False Claims Act by private persons (also known as "whistleblowers") on their own behalf and on behalf of the United States to recover damages against another person or entity that acted fraudulently in receiving payments or property from, or avoiding debts owed to, the United States Government, 31 U.S.C. § 3730 |
| 400 | State Reapportionment | Action filed under the Reapportionment Act of 1929 Ch. 28, 46 Stat. 21, 2 U.S.C. § 2a. |
| 410 | Antitrust | Action brought under the Clayton Act 15 U.S.C. § 12 - 27 alleging undue restriction of trade and commerce by designated methods that limit free competition in the market place amongst consumers such as anti-competitive price discrimination, corporate mergers, interlocking directorates or tying and exclusive dealing contracts. |
| 430 | Banks and Banking | Action filed under the Federal Home Loan Bank Act 12:1421-1449, Home Owners Loan Act 12:1461 or Federal Reserve Acts 12:142 et seq. |
| 450 | Commerce | Action filed under the Interstate Commerce Acts 49:1 et seq., 49:301 |
| 460 | Deportation | Action filed under the Immigration Acts (Habeas Corpus & Review) 8:1101/18:1546 |
| 470 | Racketeer Influenced and Corrupt Organizations | Racketeer Influenced and Corrupt Organization Act, RICO 18:1961-1968 |
| 480 | Consumer Credit | Action filed under the Fair Credit Reporting Act, 15 U.S.C. 1681n or 15 U.S.C. 1681o, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k |
| 490 | Cable/Satellite TV | Action filed involving unauthorized reception of cable/satellite TV service under 47 U.S.C. § 553 (unauthorized reception of cable/satellite TV), or 47 U.S.C. § 605 (e)(3) (unauthorized use or publication of a communication) |
| 850 | Securities/Commodities/Exchange | Action filed under Small Business Investment Act 15:681, Securities Exchange Act 15:78, Securities Act 15:77, Investment Advisers Act 15:80B(1-21) |
| 890 | Other Statutory Actions | Action primarily based on Statutes that cannot be classified under any other nature of suit, such as: Foreign Agents Registration Act 22:611-621, Klamath Termination Act 25:564-564W-L, Federal Aid Highway Act 23:101-142, Federal Corrupt Practices Act 2:241-256, Federal Election Campaign Act, Highway Safety Act 23:401 Immigration & Nationality Act 8:1503, Natural Gas Pipeline Safety Act 49:1671-1700, Naturalization Acts 8:1421/18:911, 1015, 1421, et seq., 3282 or Federal Aviation Act 49:1301 et seq. |
| 891 | Agricultural Acts | Action filed under the Federal Crop Insurance Act 7:1501-1550, Commodity Credit Corporation Act 15:713A-L & 4. |
| 893 | Environmental Matters | Action filed under Air Pollution Control Act 42:1857-57L, Clean Air Act 42:1857:57L, Federal Environment Pesticide Control Act, Federal Insecticide, Fungicide & Rodenticide Act 7:135, Federal Water Pollution Control Act 33:1151 et seq., Land & Water Conservation Fund Act 16:4602,460 1-4, Motor Vehicle Air Pollution Control Act 42:1857F-1-8, National Environmental Policy Act 42:4321, 4331-35G, 4341-47, River & Harbor Act penalty 3:401-437, 1251. |

**Civil Nature of Suit Code Descriptions**
**(Rev. 06/17)**

**Other Statutes (Continued)**

| Code | Title | Description |
|------|-------|-------------|
| 895 | Freedom of Information Act | Action filed under the Freedom of Information Act 5:552. |
| 896 | Arbitration | Action involving actions to confirm or modify arbitration awards filed under Title 9 of the U.S. Code. |
| 899 | Administrative Procedure Act/Review or Appeal of Agency Decision | Action filed under the Administrative Procedures Act, 5 U.S.C. § 701, or civil actions to review or appeal a federal agency decision. |
| 950 | Constitutionality of State Statutes | Action drawing into question the constitutionality of a federal or state statute filed under (Rule 5.1). Rule 5.1 implements 28 U.S.C. §2403. |

Note: The statutes listed above are not all-inclusive, and other statues might be applicable to each nature of suit.
    Statutes that are included in the descriptions should be viewed as examples.

# JURISDICTIONAL CHECKLIST

**1. JURISDICTION PROPERLY ALLEGED?**

**2. FEDERAL QUESTION? (TWG CH. 6)**

☐ "Arising under" jurisdiction (not defensive or referential use of federal law)

☐ State claims involving a "substantial" federal question

☐ Private right of action

☐ Wholly insubstantial federal claim

**3. DIVERSITY JURISDICTION? (TWG CH. 7)**

☐ Complete diversity

☐ Dual citizenship of corporations

☐ Citizenship of all partners, association members, etc.

☐ Nondiverse or Third-party defendants joined by plaintiff disallowed

☐ Amount in controversy (in excess of $75,000)

☐ Indispensable parties

### 4. REMOVAL JURISDICTION? (TWG CH. 8)

☐ Federal question; diversity or "separate and independent" to federal question claim

☐ Non-removable claims (*e.g.,* FELA)

☐ Waiver by conduct or agreement

☐ Removal limited to defendants

☐ Artful pleading/complete preemption

☐ Special removal statutes (*e.g.,* federal officers)

☐ Procedural defects:

    ☐ 1. Removal within 30 days of service

    ☐ 2. Joinder by all served defendants

    ☐ 3. Other procedural requirements (attach papers, notices, etc.)

    ☐ 4. Resident defendant removal (diversity)

    ☐ 5. Removal more than 1 year after commencement (diversity)

☐ Post-removal destruction of jurisdiction

## 5. SUPPLEMENTAL JURISDICTION (TWG CH. 9)

☐ Do state claims derive from "common nucleus of operative fact"

☐ Does joinder of supplemental party destroy complete diversity (*i.e.*, added by plaintiff, intervenor as plaintiff, indispensable party)

☐ Are there reasons to decline supplemental jurisdiction (*i.e.,* novel/complex state claims, federal claims dismissed, or other compelling reasons for dismissal/remand)

## 6. OTHER LIMITATIONS

☐ Venue (TWG Ch. 12)

☐ Timely and proper service (TWG Ch. 11)

☐ Personal Jurisdiction (TWG Ch. 10)

☐ Jurisprudential limitations (standing, abstention, mootness, ripeness, etc.) (TWG Ch. 24)

☐ Eleventh Amendment (TWG Ch. 24)

☐ Failure to exhaust administrative remedies (*e.g.*, EEOC), notice requirements, etc.

☐ Iqbal, Twombly, Celotex and other Home Run Motions (TWG Ch. 22, 23, 25, 39, 43 and 44)

# REMOVAL CHECKLIST

**Removal Jurisdiction (TWG Ch. 8)**
   **A. Diversity**

      ☐ Is there complete diversity?

      ☐ Does removal notice show *citizenship* (not mere residence) of each party?

      ☐ Does notice allege citizenship both at time of commencement of action and at time of removal?

      ☐ If there is a *corporate* party, does notice of removal show *both* its principal place of business and state of incorporation?

      ☐ Does notice of removal allege citizenship of all members/partners of artificial entity parties (partners, LLC's)

      ☐ Are there any resident defendants (who have been served), thus preventing removal?

      ☐ Does the notice of removal allege specific facts demonstrating that the amount in controversy exceeds $75,000?

   **B. Federal Question**

      ☐ Does state court complaint plead a claim "arising under" federal law?

      ☐ If not, does "artful pleading" doctrine apply (claim under state law *completely preempted by* a federal claim)?

      ☐ Is there any express prohibition against removal of the federal claim?

## C. Waiver

☐ Did defendant contractually waive the right to remove?

☐ Did defendant waive the right to remove by conduct in state court?

## Removal Procedure

### A. Removal Notice

☐ Did all defendants (who were served) join in the removal notice?

☐ Were copies of all state court pleadings attached?

☐ Was notice of removal given to state court and adverse parties?

### B. Timeliness of Removal

☐ Did *initial pleadings* reveal removal jurisdiction? If so, was removal effected within 30 days after defendant was properly served with such pleadings?

☐ If initial pleadings did not show removability, when was defendant put on notice that removal jurisdiction existed (e.g., through dismissal of nondiverse party, or addition of federal claim)? Was removal effected within 30 days thereafter?

In diversity case, has more than one year passed since commencement of actions?

201752

# Home Run Motions

JAMES WAGSTAFFE

March 16, 2018

**THE WAGSTAFFE GROUP
PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE
BEFORE TRIAL (LEXISNEXIS 2018)**

wagstaffe@kerrwagstaffe.com
@JWagstaffeLxNx

# *HOME RUN JURISDICTIONAL MOTIONS - 2018*

**JIM WAGSTAFFE**
*The Wagstaffe Group Prac. Guide: Fed. Civ. Proc. Before Trial* (LN 2018))
Twitter Handle:  @JWagstaffeLxNx
wagstaffe@kerrwagstaffe.com

## Jurisdiction v. Element

- **Statutory Time Limits:** Statutory time limitations are generally not jurisdictional.  [*Hamer v. Neighborhood Housing Serv. Of Chi.* (2017) 138 S.Ct. 13—FRAP 4(a)(5)(c)'s provision for appellate extensions not jurisdictional; *United States v. Kwai Fun Wong* (2015) 135 S.Ct. 1625—time for filing administrative claims and a subsequent lawsuit under the FTCA (28 U.S.C. § 2401(b) not jurisdictional, and hence subject to equitable tolling since no clear statement from Congress time limit is jurisdictional; *Herr v. U.S. Forest Service* (6th Cir. 2016) 803 F.3d 809 -- § 2401(a) also non-jurisdictional; *Sec't United States DOL v . Preston* (11th Cir. 2017) 873 F.3d 877--ERISA's statute of repose for fiduciary duty, 29 U.S.C. § 1131(1), is not jurisdictional; *Montford and Co. v. SEC* (DC Cir. 2015) 793 F.3d 76 --time for filing SEC enforcement actions not jurisdictional; *but see Duggan v. 4100 15 L Comm'r of Internal Revenue*, ---F.3d----, 2018 U.S. App. LEXIS 886 (9th Cir. Jan. 12, 2018)--review of levy jurisdictional, as time limit was within jurisdiction-granting section of 26 U.S.C. §6330(d)(1); *Rubel v. Rubel* (3d Cir. 2017) 856 F.3d 301--ex-spouse challenge to tax liability is jurisdictional per statute]

- **Exhaustion of remedies?:**  Courts are split as to whether and under what circumstances exhaustion of remedies requirements are jurisdictional. [*Grand Canyon Skywalk Develop., LLC v. 'Sa' Nyu Wa, Inc.* (9th Cir. 2013) 715 F.3d 1196, 1200--tribal court remedies is a prerequisite to a federal court's exercise of its jurisdiction; *Chevron Mining, Inc. v. NLRB* (D.C. Cir. 2012) 684 F.3d 1318, 1329—first raising issue before NLRB must be exhausted to raise issue on appeal; *compare Payne v. Peninsula School Dist.* (9th Cir. 2010) 653 F.3d 863, 869-871--exhaustion under IDEA not jurisdictional; *Acosta-Ramirez v. Banco Popular De Puerto Rico* (1st Cir. 2013) 712 F3d 14, 19—failure to exhaust FIRREA remedy jurisdictional; *Stewart v. Waco Independent Sch. Dist.* (5th Cir. 2013) 711 F3d 513, 527-528—noting, but not resolving, split on jurisdictional nature of exhaustion; *Allen v. Highlands Hosp. Corp.* (6th Cir. 2008) 545 F3d 387, 401-402—pre-lawsuit requirement to file discrimination charge with EEOC not jurisdictional; *EEOC v. CRST Van Expedited, Inc.* (8th Cir. 2014) 774 F.3d 1169—same; *Acha v. Dept. of Agriculture* (10th Cir. 2016) 841 F.3d 878—whistleblower exhaustion to Office of Special Counsel is jurisdictional; *NFL Players Ass'n v. NFL*, 874 F.3d 22 (5th Cir. 2017)--exhaustion of grievance requirements under LMRA jurisdictional]

- **Statutory Elements:**  Generally, whether a complaint satisfies the elements of a claim set forth in a statute is a non-jurisdictional defect to be raised by a Rule 12(b)(6), not a Rule 12(b)(1) motion. [*See Montes v. Janitorial Partners* (D.C. Cir. 2017) 859 F.3d 1079—failure to opt-in in FLSA case not jurisdictional; *see also Patchale v. Zinke, cert. granted 2017*—determining if Gun Lake restrictions are jurisdictional; *Yagman v. Pompeo* (9th Cir. 2017) 868 F.3d 1065--FOIA requirement that party submit request to agency that "reasonably" describes records sought is not

jurisdictional]

- **ERISA**: Whether a claim involves an ERISA "plan" is a non-jurisdictional defect giving rise to a FRCP 12(b)(6) motion only. [*Smith v. Regional Transit Authority* (5th Cir. 2014) 756 F.3d 340, 344-346; *Dahl v. Charles F. Dahl Defined Benefit Pension* (10th Cir. 2014) 744 F.3d 623, 629; whether a plaintiff is a "plan participant" within the meaning of ERISA is a non-jurisdictional defect treated as a missing element of the claim. *North Jersey Brain & Spine Center* (3rd Cir. 2015) 801 F.3d 369; *Leeson v. Transamerica Disability Income Plan* (9th Cir. 2012) 671 F.3d 969, 979]

- **False Claims Act:** The original source requirement has been held to be jurisdictional. [*Rockwell Int'l Corp. v. U.S.* (2007) 127 S.Ct. 1397, 1405-1406; *Amphastar Pharm. v. Aventis Pharma* (9th Cir. 2017) 856 F.3d 656-- same; *U.S. ex rel Antoon v. Cleveland Clinc Found.* (6th Cir. 2015) 788 F.3d 605, 614—same; but see *United States v.AT&T* (D.C. Cir. 2015) 791 F.3d 112--first to file rule (31 USC § 3730(b)(5)) does not raise jurisdictional defect; *United States v. Allstate Ins. Co.* (2nd Cir. 2017) 853 F.3d 80--same; *U.S. ex rel Ambrosecchia v. Paddock Labs* (8th Cir. 2017) 855 F.3d 949--public disclosure bar for FCA not jurisdictional; *U.S. v. Majestic Blue Fisheries* (3rd Cir. 2016) 812 F.3d 294—same; *U.S. v. Humana* (11th Cir. 2015) 776 F.3d 805, 810—same; *Bates v. Mortgage Electronic Regulation System, Inc.* (9th Cir. 2012) 694 F.3d 1076, 1081--contra]

## Other Elemental Defects

- Foreign Sovereign Immunities Act (FSIA) and immunities thereunder are jurisdictional. *Bolivarian Republic of Venezuela v. Helmerich & Payne* (2017) 137 S.Ct. 1312.

- Extraterritorial reach of antitrust laws is not jurisdictional. [*Lotes Co. v. Hon Hai Precision Industry Co.* (2nd Cir. 2014) 753 F3d 395, 405-406; see also *Geophysical Service, Inc. v. TGS-Nopec Geophysical Co.* (5th Cir. 2017) 850 F.3d 785 --extraterritorial reach of copyright laws not jurisdictional; *Morrison v. National Australia Bank* (2010) 561 U.S. 247]

- The "use in commerce" requirement of Lanham Act is not jurisdictional. [*La Quinta Worldwide, LLC v. QRTM* (9th Cir. 2014) 762 F.3d 867]

- Even mandatory rule requiring that objections to EPA interpretation of rule be made with "reasonable specificity" as prerequisite to legal challenge is not jurisdictional. [*EPA v. EME Homer City* (2014) 134 S.Ct. 1584]

- Whether a claim actually comes under a collective bargaining agreement is not jurisdictional under §301. [*Tackett v. M& G Polymers* (6th Cir. 2009) 561 F.3d 478; *Pittsburgh Mack Sales & Serv. V. Int'l Union of Operating Engineers* (3rd Cir. 2009) 580 F.3d 185; *contra ABF Freight System v. Int'l Broth. Of Teamsters* (8th Cir. 2011) 645 F.3d 954]

- Statutory requirement to pursue pre-lawsuit arbitration is not jurisdictional. [*Commonwealth of Kentucky v. United States* (6th Cir. 2014) 759 F.3d 588, 599; *Dist. No. 1 v. Liberty Maritime* (D.C. Cir. 2016) 815 F.3d 834- -failure to submit CBA labor claim to arbitration not jurisdictional]

- Minimum age requirement to qualify for age discrimination lawsuit under ADEA is not jurisdictional.  [*Day v. AT&T Disability Income Plan* (9th Cir. 2012) 685 F3d 848, 855-856; *Arbaugh v. Y & H Corp.* (2006) 546 U.S. 500—Title VII's numerosity requirement not jurisdictional]

- Bond requirement under Miller Act (federal construction claims) is jurisdictional, but one-year statute of limitations is not jurisdictional.  [*Arena v. Graybar Elec. Co., Inc.* (5th Cir. 2012) 669 F.3d 214, 221-222; *U.S. ex rel. Air Control Tech., Inc. v. Pre Con Indus., Inc.* (9th Cir. 2013) 720 F.3d 1174, 1177]

- The requirement for habeas petitioners to plead specifically a violation of their constitutional rights in order to obtain a certificate of appealability is not jurisdictional. [*Gonzalez v. Thaler* (2012) 132 S.Ct. 641, 654]

# Federal Question Jurisdiction

### No Hypothetical Jurisdiction

- The court is acting "ultra vires" if it reaches the merits before determining it has statutory and constitutional jurisdiction over the controversy. [*Friends of the Everglades v. U.S. EPA* (11th Cir. 2012) 699 F.3d 1280]

### Presumption of Concurrent Jurisdiction

- In actions arising under federal law, there is a presumption that state courts have concurrent jurisdiction, rebuttable only if Congress "affirmatively ousts" state court jurisdiction. [*Mims v. Arrow Financial Services, LLC* (2012) 132 S.Ct. 740—concurrent state court jurisdiction exists over claim under Telephone Consumer Protection Act]

### Court's jurisdiction over extr-territorial acts

- Federal courts do not have jurisdiction over acts of foreign corporations outside the United States (i.e., allowing victims of human rights violations to sue foreign entities accused of aiding such atrocities) except where the claims "touch and concern the territory of the United Sates. [*Kiobel v. Royal Dutch Petroleum* (2013) 133 S.Ct. 1659]

### "Arising Under" – General Rules

- **State law claim with "substantial" federal question:** In certain circumstances "arising under" jurisdiction exists if there is a substantial federal claim. [*State of New York ex rel Jacobson v. Wells Fargo* (2nd Cir. 2016) 824 F.3d 308--state false claims act raises substantial federal question since proving false statement required proof of violation of federal tax laws;  *Evergreen Square of Cudahy v. Wisconsin Housing* (7th Cir. 2015) 776 F.3d 463, 467—jurisdiction found over breach of contract action related to provisions of federal-subsidized housing payments

obligated by HUD and Section 8 Housing; *Severe Records, LLC v. Rich* (6th Cir. 2011) 658 F.3d 571, 581—claims to establish copyright ownership arise under federal law; see also *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Manning* (2016) 136 S.Ct. 1562; *Mays v. City of Flint* (6th Cir. 2017) 871 F.3d 437—no substantial federal question over tainted drinking water case simply because state officers working with EPA; *Bd. of Comm'rs v. Tenn. Gas Pipeline  Co.* (5th Cir. 2017) 850 F.3d 714–suit by local flood protection authority alleging oil companies' activities damaged coastal lands raises substantial federal question since federal law provides standard of care; *Turbeville v. Financial Industry Regulatory Authority* (11th Cir. 2017) 874 F.3d 1268—removal jurisdiction existed over case against FINRA for defamation based on its federally regulated disclosure and investigation]

- **Compare—mere reference to federal law insufficient:** Merely because a state law claim makes a reference to federal law generally does not equal "arising under" federal question jurisdiction in federal court. See *Moore v. Kansas City Pub. Schs.* (8th Cir. 2016) 828 F.3d 687, 692—damages claim brought on behalf of special education student referencing federal Individual with Disabilities Education Act; *NeuroRepair, Inc. v. Nath Law Grp.* (Fed Cir. 2015) 781 F.3d 1340, 1342—malpractice claim arising out of federal patent infringement claim]

- **Jurisdiction over federally chartered corporation:** Generally, if a federally chartered corporation has a charter that provides that the entity may "sue and be sued" in federal court, federal jurisdiction exists. [*Federal Home Loan Bank of Boston* (1st Cir. 2016) 821 F.3d 102, 109; however if the charter provides that the entity can sue or be sued in "any court of competent jurisdiction, State or Federal" there is no arising under jurisdiction because the language constitutes "a reference to a court with an existing source of subject-matter jurisdiction".   – Fannie Mae's federal charter does not confer federal jurisdiction. *Lightfoot v. Cendant Mortgage Corp.* (2017) 137 S.Ct. 553--Fannie Mae's charter does *not* provide for federal jurisdiction]

### "Arising Under" – Native American Rights

- Cases relating to Native American rights are said to "arise under" federal common law due to the need for uniform federal policies to govern Indian affairs. [*Cook Inlet Region, Inc. v. Rude* (9th Cir. 2012) 690 F.3d 1127, 1131—claims by corporation formed under Alaska Native Claims Settlement Act against its shareholders for violations of Act' *see also Gilmore v. Weatherford* (10th Cir. 2012) 694 F.3d 1160-, 1173—discussing whether state law accounting claims asserted by tribal members constitute "substantial federal question"]

- *Compare--intratribal disputes:* Disputes between tribal members regarding tribal affairs do not arise under federal law and must be resolved by tribal, not federal, courts. [*Longie v. Spirit Lake Tribe* (8th Cir. 2005) 400 F3d 586, 590-591]

- *Compare state law claims:* No jurisdiction over state law claims relating to contract to provide energy and mineral services to Indian tribe. [*Becker v. Ute Indian Tribe of the Unitah and Ouray Reservation* (10th Cir. 2014) 770 F.3d 944; compare *Michigan v. Bay Mills Indian Community* (2014) 134 S. Ct. 2024, 2030-2035--courts do not have jurisdiction in suits against *tribes* for acts on land outside the Native American reservation because such suits are barred by tribal sovereign immunity]

- ***Compare—scope of tribal immunity***:  If a lawsuit arises from personal conduct of the defendant and not from the official duties of a tribal official, there is no sovereign immunity. [*Lewis v. Clarke* (2017) 137 S.Ct. 1285—no sovereign immunity for limo driver sued for injuries from a traffic accident occurring while transporting customers to an Indian casino, even if the tribe indemnified him from the liability]

### Bivens cases and effect of alternative state tort law remedy

- Courts will not imply a *Bivens* remedy if the claim falls within the scope of traditional state tort law that provides an alternative (even if not perfectly congruent) existing procedure capable of protecting the constitutional issues at stake.  [*Minneci v. Pollard* (2012) 132 S.Ct. 617, 623-624-- federal prisoner has no implied right of action against private employees of privately operated federal prison for conduct that is typically governed by state tort law]

# Diversity Jurisdiction

### Domicile of individuals

- The domicile of individuals is determined by where the person is domiciled and intends to remain permanently.  [*See, e.g., Haiti, Inc. v. Kendrick* (1st Cir. 2017) (Souter, J.)—missionary from Iowa is domiciled in Haiti (and hence no diversity) since living there for 20 years and a permanent resident despite being registered to vote and having driver's license in Iowa; *Eckerberg v. Inter-State Studio & Publishing Co.* (8th Cir.2017) 860 F.3d 1079 – that military person assigned to various places did not change his original Florida domicile]

### Status of state as real party in interest (defeating diversity)

- Where statutory fees are payable to counties and not to the state, diversity is not defeated in a false claim act case. [*Bates v. Mortgage Electronic Registration System, Inc.* (9th Cir. 2012) 694 F.3d 1076, 1080]

- State, not citizens thereof, was the real party in interest of *parens patrae* consumer protection suit against mortgage lenders, despite possibility of restitution for thousands of state citizens. [*Nevada v. Bank of Am. Corp.* (9th Cir. 2012) 672 F.3d 661, 671-672; *AU Optronics Corp. v. South Carolina* (4th Cir. 2012) 699 F.3d 385, 391-392—same]

- Under "mass action" provision in CAFA, a state attorney general's action asserting restitution claims under state law on behalf of thousands of private purchasers was not a "mass action" under CAFA and was accordingly not removable to federal court. [*Mississippi ex rel. Hood v. AU Optronics Corp.* (2014) 134 S.Ct. 736; *In re Fresenius Granuflo/Naturalyte Dialsysate Prod. Liab. Litig.* (D. Mass. 2015)  F.Supp.3d    --if state is real party to action, it is "jurisdictional spoiler" for diversity]

### Bar on Diversity in Suits Between Aliens

- If there is otherwise no complete diversity of citizenship, if there is an alien plaintiff suing an alien defendant, there is no diversity or alienage jurisdiction. [*Vantage Drilling Co. v. Su* (5th Cir. 2014) 741 F.3d 535; *Peninsula Asset Mgt. v. Hankouk* (6th Cir. 2007) 509 F.3d 271, 272-273—same; *Balay v. Etihad Airways* (7th Cir. 2018)  F.3d  --no diversity when alien plaintiff sues citizens and alien]

- ***Compare citizen domiciled abroad*** – If any of the parties are citizens but domiciled abroad, then there can be no diversity jurisdiction. [*Louisiana Municipal Police Employees Retirement System v. Wynn* (9th Cir. 2016) 829 3d 1048--finding jurisdiction lacking but dismissing nondiverse, dispensable party to preserve jurisdiction]

## Pleading Diversity

- There are no heightened pleading requirements for alleging a corporate party's principal place of business (e.g. pleading where the entity has its nerve center).  [*Harris v. Rand* (9th Cir. 2012) 682 F.3d 846, 850-851]

- If complete diversity is disputed, party invoking federal jurisdiction must submit actual evidence to support allegation. [*See Purchasing Power, LLC v. Bluestem Brands, Inc.* (11th Cir. 2017) 851 F.3d 1218; *compare Carolina Casualty Ins. Co. v. Team Equipment, Inc.* (9th Cir. 2014) 741 F.3d 1082--allegation of LLC's members on information and belief authorized if jurisdictional facts within defendant's possession and not reasonably available to plaintiff—jurisdictional issue to be resolved post-filing on defendant's motion and giving plaintiff leave to amend]

## Corporation's Principal Place of Business

- Under *Hertz* test, a corporation's principal place of business for diversity purposes is the center of its overall direction, control and coordination, i.e., its "nerve center" where officers make significant corporate decisions and set corporate policy (in contrast to where it conducts its day-to-day activities).  [*Hoschar v. Appalachian Power Co.* (4th Cir. 2014) 739 F.3d 163; *Gu v. Invista Sarl*  (5th Cir. 2017) 739 F.3d 163*; Harrison v. Granite Bay Care, Inc.* (1st Cir. 2016) 811 F.3d 36; *Johnson v. SmithKline Beecham* (3rd Cir. 2013) 724 F.3d 337, 352—corporate holding company (as member of LLC) has principal place of business where it, not UK parent company, makes corporate decisions; *3123 SMB LLC v. Horn* (9thCir. 2018  F.3d --newly formed holding company's nerve center is location where board meetings to be held; see *CostCommand, LLC v. WH Administrators* (D.C. Cir. 2016) 830 F.3d 19—single director controlled corporate decisions; *Harrison v. Granite Bay Care, Inc.* (1st Cir. 2016) 811 F.3d 36, 40]

## Citizenship of Dissolved Corporations

- Dissolved corporation has no principal place of business such that only its place of incorporation is used for determining diversity jurisdiction. [*Holston Investments, Inc. v. LanLogistics Corp.* (11th Cir. 2012) 677 F.3d 1068, 1071]

### **Citizenship of Foreign Corporations**

- All corporations are considered citizens of both the place of incorporation and the principal place of business.  Thus, this results in denial of diversity jurisdiction for plaintiffs who are citizens of either the principal place of business or the place of incorporation of a corporation irrespective of whether it is within or outside of the U.S. [28 USC §1332(c)(1) (amended 2012)]

### **Citizenship of LLC's**

- The citizenship of each member of an LLC is critical not only because if *any* LLC member is a citizen of the same state as an opposing party diversity is lacking, but also because if one of the LLC's members is a "stateless alien" courts also will not have diversity jurisdiction. [*Purchasing Power, LLC v. Bluestem Brands, Inc.* (11th Cir. 2017) 851 F.3d 1218; *Settlement Funding LLC v. Rapid Settlements, Limited* (5th Cir. 2017) 851 F.3d 530; *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra* (1st Cir. 2011) 661 F.3d 124, 126-127; *Johnson v. SmithKline Beecham* (3rd Cir. 2013) 724 F.3d 337, 348; *Siloam Springs Hotel LLC v. Century Surety Co.* (10th Cir. 2015) 781 F.3d 1233]

### **Citizenship of Trusts and Trustees**

- The citizenship of a real estate investment trust (REIT) is treated as a non-corporate entity taking on the citizenship, not of its trustee, but of each of its members (including its shareholders). [*Americold Realty Trust v. ConAgra Foods, Inc.* (2015) 136 S.Ct. 1012, 1015; *RTP LLC v. Orix Real Estate Capital* (7th Cir. 2016) 827 F.3d 689; *Zoroastrian Center v. Rustam Guiv Found.* (4th Cir. 2016) 822 F.3d 739, 748-750]

- The rule may well be different if the case involves a "traditional" trust in the sense that a fiduciary duty has been created by the private creation of a trust; in such cases courts have looked solely to the citizenship of the trustee as the trust has no standing to sue or be sued. [*Raymond Loubier Irrevocable Trust v. Loubier* (2nd Cir. 2017) 858 F.3d 719; *see also Crews & Assocs. v. Nuveen High Yield Mun. Bond Fund* (D. Ark. 2011) 783 F. Supp. 2d 1066, 1069—split as to citizenship of trusts in states where the entity is permitted to sue and be sued as unincorporated association; see also *SGK Properties LLC v. U.S. Bank Nat'l Ass'n* (5th Cir. 2018)    F.3d    --when Bank sued in capacity of trustee, look only to citizenship of trustee]

### **Amount in Controversy**

- **Petitions re Arbitration:**  There is a split of authority as to calculating the a]mount in controversy in actions to confirm or vacate arbitration results, with some courts following the award approach and others looking at the amount of the demand.  [*Ford v. Hamilton Invs., Inc.* (6th Cir. 1994) 29 F.3d 255, 260—award; *Pershing, LLC v. Kiebach* (5th Cir. 2016) 819 F.3d 179, 182-183 – demand]

- **Future attorney fees?**: There is a split of authority as to whether future attorneys fees are included in calculating the amount in controversy.

- o **View not counting future fees:** Some courts hold that since future legal expenses can be avoided by defendant's prompt satisfaction of plaintiff's demand, they are not considered when assessing whether the amount "in controversy" is satisfied when the suit is filed. [*Gardynski-Leschuck v. Ford Motor Co.* (7th Cir. 1998) 142 F.3d 955, 959--"Hatfields suing McCoys" could run up $50,000 legal fees in dispute over $10 garden rake, but that won't confer federal jurisdiction].

- o **View counting future fees:**  In contrast, other courts hold reasonably recoverable future attorneys fees are properly considered in calculating the requisite amount in controversy. Rationale: future legal fees should count just as future damages. [*Miera v. Dairyland Ins. Co.* (10th Cir. 1998) 143 F.3d 1337, 1340; *Manguno v. Prudential Prop. & Cas. Ins. Co.* (5th Cir. 2002) 276 F.3d 720, 723; *Feller v. Hartford Life and Acc. Ins. Co.* (S.D. Iowa 2010) 817 F. Supp. 2d 1097, 1107—citing cases]

- **Aggregation**

  Aggregation of claims (in non-CAFA cases) is allowed to satisfy the amount in controversy requirement only when the plaintiffs have a "common and undivided interest" in the recovery such as an undivided interest in a common fund. [*Travelers Property Casualty v. Good* (7th Cir. 2012) 689 F.3d 714, 718—no aggregation in claims for insurance proceeds sought under separate policies]

- **Domestic Relations Exception:**  In diversity cases, courts generally will not have jurisdiction over domestic relations cases, i.e., cases in which the relief sought is for status of the marriage, support or child custody.  [See *Ankenbrandt v. Richards* (1992) 504 U.S. 689, 704; *Alexander v. Rosen* (6th Cir. 2015) 804 F.3d 1203, 1206—does not apply where party challenges constitutionality of procedures in domestic relations case]

# Removal Jurisdiction

## DIVERSITY REMOVAL:

### Realignment of parties

- Remand will be denied if, after a proper realignment of the parties to their true interests, diversity jurisdiction exists. [*City of Vestavia Hills v. Gen. Fid. Ins. Co.* (11th Cir. 2012) 676 F.3d 1310, 1314; *see also Cascades Dev. v. Nat. Specialty Ins.* (8th Cir. 2012) 675 F.3d 1095, 1098-99—removal proper if assignment to nondiverse party is valid; *Scotts Co. LLC v. Seeds, Inc.* (9th Cir. 2012) 688 F.3d 1154, 1157-1158—in considering realignment, court considers primary matter in dispute]

### Fraudulent Joinder

- Fraudulent joinder upheld and removal allowed when negligent misrepresentation claim against law firm barred by established immunity from suit state law protection. [*Murphy v. Aurora Loan Services, LLC* (8th Cir. 2012) 699 F.3d 1027, 1032; *see also Couzens v.*

*Donahue* (8th Cir. 2017) 854 F.3d 508--defendant not properly sued in individual capacity; *Alviar v. Lilllard* (5th Cir. 2017) 854 F.3d 286 --no evidence of required willful intent for agent's individual liability for tortious interference]

- Employee brought wrongful termination claim against diverse corporate employer and nondiverse manager. Because manager did not actively participate in the termination decision, he was not subject to liability under state law. He thus was not to be counted for diversity purposes. [*Casias v. Wal-Mart Stores, Inc.* (6th Cir. 2012) 695 F.3d 428, 433]

## Bar on Removal by Served Local Defendants

- Even if there is complete diversity, if one of the properly joined and served defendants is local (citizen of forum state sued by an out-of-state plaintiff), removal is statutorily barred (28 U.S.C. § 1441(b)(2)). There is a split, however, over whether the bar applies if the local defendant voluntarily appears before formal service and then removes. [*Gentile v. Biogen Idec, Inc.* (D. Mass. 2013) 934 F.Supp.2d 313, 317-318 (collecting cases)]

## Bar on Removal by Third Party Defendants

- Third party defendants cannot remove the action to federal court even if subjected to a federal claim by the original defendant. [*Static Control Components, Inc. v. Lexmark Int'l, Inc.* (6th Cir. 2012) 697 F.3d 387, 399]

# *FEDERAL QUESTION REMOVAL:*

## No Removal Simply Due to Parallel Action

- The mere fact that there are parallel actions pending (one in state and the other in federal court) does not authorize removal of the state action that includes only state law claims, even if the claims in the two suits are transactionally related. [*Energy Mgt. Services, LLC v. City of Alexandria* (5th Cir. 2014) 739 F.3d 255; *see also American Airlines, Inc. v. Sabre, Inc.* (5th Cir. 2012) 694 F.3d 539, 543]

## Removal Based on Well Pleaded Complaint

Removal on federal question allowed if well pleaded complaint contains federal claim for relief as evidenced by incorporation of EEOC charge under Title VII attached to state court complaint. [*Davoodi v. Austin Independent School Dist.* (5th Cir. 2014) 755 F.3d 307]

- By comparison, if the state court complaint is uncertain and does not clearly refer to a federal claim for relief removal cannot take place until and if the claims are clarified by amendment or otherwise more certainly as arising under federal law. [*Quinn v. Guerrero* (5th Cir. 2017) 863 F.3d 353, 359--ambiguous references to excessive force and U.S. Constitution do not convert state law assault and battery claims into ones removable to federal court]

## No Complete Preemption

- Without a federal cause of action which in effect replaces a state law claim (e.g. LMRA, ERISA), there is an exceptionally strong presumption against complete preemption and removal under the artful pleading doctrine. [*Johnson v. MFS Petroleum Co.* (8th Cir. 2012) 701 F.3d 243, 249—no complete preemption under Petroleum Marketing Practices Act in class action by gas consumers for misrepresentation of grade of gasoline; *Sheehan v. Broadband Access Services, Inc.* (D. R.I. 2012) 889 F.Supp. 2d 284—no complete preemption of claims of violation of state drug testing laws under  Federal Omnibus Transportation Employee Testing Act]

## Labor Law Preemption

- Claims for money had and received, unjust enrichment and conversion brought by union employee essentially were ones for unpaid wages, hinging on an interpretation of the CBA.  Thus, removal authorized. [*Cavallaro v. UMass Mem'l Healthcare, Inc.* (1st Cir. 2012) 678 F.3d 1, 5]

- On the other hand, if a workplace safety claim depends on an independent and non-negotiable state right, it is not completely preempted. This may be true even if CBA also speaks to safety standards, so long as the claim does not rely on a construction of the CBA for recovery. [*McKnight v. Dresser, Inc.* (5th Cir. 2012) 676 F.3d 426, 434]

## ERISA Preemption

- No complete preemption if party would lack standing under ERISA or would not otherwise have a colorable claim to benefits contemplated by the statute. [*McCulloch v. Orthopaedic* (2nd Cir. 2017) 857 F.3d 141—no removal under ERISA over promissory estoppel claim by out-of-state provider who lacked standing under ERISA; *McCulloch Orthopaedic v. Aetna* (2d Cir. 2017) 875 F.3d 141—no complete preemption if plaintiff has no standing under ERISA]

- A written agreement promising early pension plan eligibility was not a separate and independent promise from the plan itself. The agreement made clear that benefits arose from and were governed by the plan. Because the plan allowed for modification of benefits at any time, no cause of action arose from pension freeze. [*Arditi v. Lighthouse Intern.* (2nd Cir. 2012) 676 F.3d 294, 300]

- Where severance benefit rights arose under an employment agreement referencing an ERISA plan solely to assign value to benefits, was independent of ERISA plan for preemption purposes. [*Dakota, Minnesota & Eastern R.R. Corp. v. Schieffer* (8th Cir. 2013) 711 F.3d 878, 882; *see also Gardner v. Heartland Industrial Partners, LP* (6th Cir. 2013) 715 F.3d 609, 614—tortious interference with pension plan contract claim did not require interpretation of ERISA plan terms]

## Removal by Foreign Sovereigns

- Unlike U.S. states, foreign sovereigns do not waive sovereign immunity upon removal. [*Contour Spa at the Hard Rock, Inc. v. Seminole Tribe of Florida* (11th Cir. 2012) 692 F.3d 1200]

## Federal Officer Removal

- If a defendant's allegations in removing an action under the federal officer removal statute (28 U.S.C. § 1442) are factually challenged, the defendant must produce factual support to meet its burden in proving the existence of removal jurisdiction. [*Leite v. Crane Co.* (9th Cir. 2014) 749 F.3d 1117; *Zeringue v. Crane Co.* (5th Cir. 2017) 846 F.3d 785—federal officer removal over asbestos claim against government contractor supplying product to Navy; *but see Mays v. City of Flint* (6th Cir. 9/11/17)  F.3d  - rejecting federal officer removal when state officials not acting under supervision of federal agency; *Cuomo v. Crane Co.* (2nd Cir. 2014)  F.3d  , 2014 WL 5859099]

# *CAFA AND MASS ACTIONS REMOVAL:*

- Restitution action brought by State to benefit consumers in state does not qualify as "mass action" (28 U.S.C. § 1332(d)) for removal purposes since it does not satisfy the "100 or more persons" requirement. *Mississippi v. AU Optronics* (2014) 134 S.Ct. 736]

- Federal jurisdiction *cannot* be exercised in "mass actions" removed from state court where all claims arise from a single event or occurrence in the state where the action was filed and that resulted in injuries in that state or contiguous states. [28 U.S.C. § 1332(d)(11)(B)(ii); *Nevada v. Bank of Am. Corp.* (9th Cir. 2012) 672 F3d 661, 668—action did not result from a single occurrence where complaint alleged widespread fraud involving thousands of borrower interactions]

- CAFA removal in a not-yet-certified class action is not defeated by plaintiff's counsel's stipulation that the amount in controversy does not exceed $5 million, if absent the stipulation, defendant establishes the amount is in excess of the jurisdictional minimum

for CAFA removal. *Standard Fire Insurance Co. v. Knowles* (2013) 133 S.Ct. 1345, 1348; *see also Walker v. Trailer Transit, Inc.* (7th Cir. 2013) 727 F.3d 819; if plaintiff's pleading ambiguous, defendant may wait to remove until receipt of pleading or paper providing clarity; *Rea v. Michaels Stores, Inc.* (9th Cir. 2014) 742 F.3d 1234--same; *Cutrone v. Mortgage Electronic Registration Systems, Inc.* (2nd Cir. 2014) 749 F.3d 137; *Romulus v. CVS Pharmacy, Inc.* (1st Cir. 2014) 770 F.3d 67, 74—removal can await receipt of email information from plaintiff]

- Parens patriae suit brought by State on behalf of its citizens is not a "class action" within the meaning of CAFA.  [*Purdue Pharma L.P. v. Kentucky* (2nd Cir. 2013) 704 F.3d 208, 217; *Erie Ins. Exchange v. Erie Indem. Co.* (3rd Cir. 2013) 722 F.3d 154, 158-159—same as to state-authorized right of members of unincorporated association to bring suit on its behalf]

- Amount in controversy as to individual claims cannot be aggregated for CAFA purposes in Private Attorney General Act case for wages.  [*Urbino v. Orkin* (9th Cir. 2013) 726 F.3d 1118, 1123--and State is not real party in interest under parens patriae theory]

- The amount in controversy on removal of an action under CAFA must be shown by a preponderance of the evidence. [*Dart Cherokee Basin Operating Co., LLC v. Owens* (2014) 134 S.Ct. 1788—notice of removal need include only plausible allegation of CAFA amount in controversy and defendant can later provide evidence to meet preponderance burden; *Dudley v. Eli Lilly & Co.* (11th Cir. 2014) 778 F3d 909--CAFA amount not satisfied because defendant failed to identify specifc number of class members who did not receive promised compensation; *Hartis v. Chicago Title Ins. Co.* (8th Cir. 2012) 694 F.3d 935, 944—allegation of average remedy of $12 for approximately 1.2 million class members supported CAFA removal; *Frederick v. Hartford Underwriters Ins. Co.* (10th Cir. 2012) 683 F.3d 1242, 1247-1248—same; *Judon v. Travelers Property Casualty Co. of America* (3rd Cir. 2014 773 F.3d 495--conjecture as to CAFA amount in controversy insufficient]

- "Any defendant" language in CAFA does not allow a third party defendant to remove the case to federal court.  [*In re Mortgage Electronic Registration Systems, Inc.* (6th Cir. 2012) 680 F.3d 849, 854; *Westwood Apex v. Contreras* (9th Cir. 2011) 644 F.3d 799, 806—same]

- Thirty day deadline to make motion to remand for non-jurisdictional defects does not apply to motion based on CAFA's "local controversy" exception. [*Graphic Communications Local 1B Health & Welfare Fund "A" v. CVS Caremark Corp.* (8th Cir. 2011) 636 F.3d 971, 975]

## *REMOVAL PROCEDURE:*

### Time to Remove

- If an action is properly removable (e.g. presence of a federal claim), it does not become "more removable" because further grounds emerge supporting removability (e.g. CAFA). [*Ramos-Arrizon v. JP Morgan Chase Bank, N.A.* (S.D. Cal. 2012) 2012 WL 3762455]

- An in-court, off-the-record oral statement is not an "other paper" triggering the time to remove. [*Mackinnon v. IMVU, Inc.* (N.D. Cal. 2012) 2012 WL 95379; compare *Romulus v. CVS Pharmacy, Inc.* (1st Cir. 2014) 770 F.3d 67, 74—removal based on information in plaintiff's email; *Morgan v. Huntington Ingalls* (5th Cir. 2018) 879 F.3d 602—"other paper" rule runs from receipt of removal disclosing deposition transcript, not upon testimony; *Hoffman v. Saul Holdings* 10th Cir. 1999) 194 F.3d 1072--contra]

- Time to remove is not triggered by service on statutory agent, but rather when defendant actually receives copy of complaint. [*Elliott v. America States* (4th Cir. 2018)   F.3d   ]

- Time to remove action does not begin until defendant has "solid and unambiguous" information that case is removable (e.g. calculating amount in controversy based on class size from defendant's records). [*Gascho v. Global Fitness Holdings, LLC* (S.D. Ohio 2012) 863 F.Supp. 2d 677; *see also Harris v. Bankers Life & Cas. Co.* (9th Cir. 2005) 425 F.3d 689—no duty to investigate and removal timely upon receipt of paper from plaintiff first allowing ascertainment of removal; *Graiser v. Visionworks* (6th Cir. 2016) 819 F.3d 277, 283--CAFA removal time not triggered until defendant receives sufficient information from plaintiff]

- The 30-day removal deadline in a CAFA case is not triggered simply because the data as to the requisite $5 million amount in controversy is contained in defendant's own files. [*Kuxhausen v. BMW Fin'l Services NA LLC* (9th Cir. 2013) 707 F.3d 1136, 1139; *see also Walker v. Trailer Transit, Inc.* (7th Cir. 2013) 727 F.3d 19, 824-826]

**Unanimity Requirement**

- Generally, all served defendants must unanimously agree to the notice of removal, although such joinder can be evidenced within a timely filed motion to dismiss filed in federal court by a co-defendant.  [*Christiansen v, West Branch Community School Dist.* (8th Cir. 2012) 674 F.3d 927]

- If a served co-defendant has signed a valid forum selection clause that prohibits removal (e.g. by agreeing to a mandatory clause placing exclusively selecting state court only), then it cannot consent to removal as would be required.  [*Autoridad de Energia v. Vitol, S.A.* (1st Cir. 2017) 859 F.3d 140]

**Remand Motions**

- Error in notice of removal (misstating county from where case originated) was obvious and did not preclude amending the notice to preclude a remand to state court [*Emeldi v. Univ. of Oregon* (9th Cir. 2012) 698 F.3d 715, 731]

**No Sua Sponte Remand for Procedural Defects**

- If the defect on removal is procedural and not one of jurisdiction, the court may not sua sponte remand.  [*Coronoa-Contreras v. Gruel* (9th Cir. 2017) 857 F.3d 1025; *City of Albuqerque v. Soto Enterp.* (10th Cir. 2017) 864 F.3d 1089]

### Waiver of Right to Remove

- A defendant waives the right to remove by clearly and unequivocally waiving the right to a federal forum.  *Grand View v. Helix Electric,* 847 F.3d 255 (5th Cir. 2017)—forum selection clause consenting to "sole and exclusive jurisdiction of the courts of Harris County, Texas" waives right of removal; *Autoridad de Energia v. Vitol, S.A.* (1st Cir. 2017) 859 F.3d 140—removal waived if co-defendant's forum selection clause vests exclusive jurisdiction in "courts of Commonwealth of Puerto Rico"; *City of Albuqerque v. Soto Enterp.* (10th Cir. 2017) 864 F.3d 1089—filing motion to dismiss on the merits in state court waives removal; *Kenny v. Wal-Mart Stores, Inc.* (9th Cir. 2018)   F.3d   --no waiver by seeking dismissal of state court complaint that does not yet disclose right to remove;  *see generally Stone Surgical,LLC v. Stryker Corp., 858 F.3d 383 (6th Cir. 2017)*

# Supplemental Jurisdiction

### Supplemental Jurisdiction over third party complaints

Courts have supplemental jurisdiction over transactionally related third party complaints. [*Watson v. Cartee* (6th Cir. 2016) 817 F.3d 299, 303]

### Retention of supplemental jurisdiction

- Courts disagree as to whether the federal court retains original or supplemental subject matter jurisdiction after the federal corporation is no longer a party. [See *Pena v. Commonwealth of Puerto Rico* (D. P.R. 2012) __F. Supp. 2d__,  2012 WL 2103621—reflecting circuit split over type of jurisdiction that the federal courts retain after FDIC is no longer a party]

- Federal courts typically will decline continuing jurisdiction over supplemental state law claims once the federal claims are dismissed or resolved. [*RWJ Management Co. v. BP Products North America, Inc.* (7th Cir. 2012) 672 F.3d 476, 479-480; *compare Thomas v. United Steelworkers Local 1938* (8th Cir. 2014) 743 F.3d 1134—plaintiff's unilateral abandonment of federal claim without motion to amend does not deprive court of supplemental jurisdiction; *Wilber v. Curtis* (1st Cir. 2017) 872 F.3d 15—when federal claims dismissed abuse of discretion to retain state claims unless doing so would serve interests of fairness, judicial economy, convenience and comity]

- ***Factors***:  Factors that lean in favor of continuing to exercise supplemental jurisdiction are whether:
    - the statute of limitations has run on the state law claims;
    - subsequent filing in state court will result in a substantial duplication of effort and waste of judicial resources; or

o when it is absolutely clear how the state law claims can be decided. [*RWJ Management Co., Inc. v. BP Products North America, Inc.* (7th Cir. 2012) 672 F.3d 476, 481]

**Loss of Supplemental Jurisdiction**

- If the anchor federal question claim is dismissed for lack of subject matter jurisdiction, supplemental jurisdiction may not be exercised over a related state law claim as such jurisdiction is lost. [*Cohen v. Postal Holdings, LLC* (2d Cir. 2017) 873 F.3d 394; *Arena v. Graybar Electric Co.* (5th Cir. 2012) 669 F.3d 214, 222]

- Similarly, if the Court finds that there is no *personal* jurisdiction over the anchor federal question claim, then there can be no supplemental jurisdiction at all over included state law claims – even if they are transactionally related. [*NexLearn v. Allen Interactions, Inc.,* (Fed. Cir. 2017) 859 F.3d 1371, 1381]

**Tolling Statute Upon Dismissal of Supplemental Claims**

- After dismissal of federal claims, the statute of limitations is tolled for 30 days pending the refiling of the claims in state court. *Actis v. Dist. of Columbia* (2018) 138 S.Ct. 594.

**Minton loses federal patent suit**

**Minton sues attorney Gunn for malpractice**

**Question: How Should the Court Rule on the Motion to Dismiss for lack of Subject Matter Jurisdiction?**



# Grant

- See Gunn v. Minton 568 U.S. 251 (2013)

- Malpractice claim does not "arise under" federal law

*See Palkow v. CSX Transp. (6th Cir. 2005) 431 F.3d 543—state perjury claim based on testimony in federal criminal trial*



# Dismiss for lack of jurisdiction?

**Homeowners Ass'n Member wants to place satellite dish on roof in common area despite CC&R's.**

**Homeowners Ass'n disagrees and files Dec. Relief action in Federal Court.**

**Premises Jx on Fed. Comm. Act regulating placement of such dishes and D's assertion it "completely preempts" state contract claim.**

**D moves to dismiss: (i) no private right of action; (ii) preemption is simply a defense.**



# Answer: DISMISS

> No private right of action

> Defense of federal preemption does not support "arising under" jurisdiction.

*Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang (9th Cir. 2004) 376 F.3d 831*



# Diversity Juridiction

## Defamation Action (Portland, ME, $14.5M verdict)

<u>Plaintiff</u>

<u>Hearts with Haiti, Inc.</u> (NC)

<u>Michael Geilenfeld</u>

- **<u>Iowa</u>**: born & raised; driver's license; voter's registration; bank account
- **<u>Haiti</u>** – missionary for 20+ years; permanent resident

<u>Defendant</u>

Paul Kendrick

Freeport, ME



# Holding – Diversity Absent

- Geilenfeld is a citizen domiciled abroad

- Diversity jurisdiction is lacking and could be raised for first time on appeal

- No Rule 21 dismissal (G's presence in trial gave significant tactical advantage)

*Hearts with Haiti, Inc. v. Kendrick (*1st Cir. 2016) 856 F.3d 1; see also *Eckerberg v. Inter-State Studio & Pub. Co. (8th Cir. 2017) 860 F.3d 217*



# Diversity Algebra:
# Principal Place of Business

## Plaintiff

### Hoschar v. W. VA.

Toxic Tort Claim

Local Employment

## Defendant

### Apco, Inc.

- W. VA. – 5 officers, manage day-day activities; listed as HQ on corp. website

- OHIO – 22 officers, set corp. policy and make corp. decisions



# Holding – Diversity Exists

- APCO's principal place of business is in OH, where it controls, coordinates and directs corporate activities ("nerve center").

- Diversity Jurisdiction is proper

*Hoschar v. Appalachian Power Co. (4th Cir. 2014) 739 F.3d 163; see also Hertz Corp. v. Friend (2010) 559 U.S. 77 – PPB not where majority of business done*



# Diversity Digging

**Plaintiff:**

**Defendant:**

Settlement Funding LLC

Rapid Settlement Ltd.

???

???



# 5th Circuit Ruling:

- We are not happy that jurisdiction is a late show-up in this case. Nevertheless, plaintiffs failed to establish diversity jurisdiction.

*Funding LLC v. Rapid Settlements (5th Cir. 2017) 851 F.3d 530;* see also *Purchasing Power LLC v. Bluestem Brands, Inc. (11th Cir. 2017) 851 F.3d 1218*



**FED. R. CIV. P. 4(d)**

**(d) Waiving Service.**

**(1)** *Requesting a Waiver.* An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must:

**(A)** be in writing and be addressed:

**(i)** to the individual defendant; or

**(ii)** for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;

**(B)** name the court where the complaint was filed;

**(C)** be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;

**(D)** inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;

**(E)** state the date when the request is sent;

**(F)** give the defendant a reasonable time of at least 30 days after the request was sent--or at least 60 days if sent to the defendant outside any judicial district of the United States--to return the waiver; and

**(G)** be sent by first-class mail or other reliable means.

**(2)** *Failure to Waive.* If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:

**(A)** the expenses later incurred in making service; and

**(B)** the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
_____ District of _____

| | |
|---|---|
| _____<br>*Plaintiff* | ) |
| v. | ) Civil Action No. |
| _____<br>*Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

United States Code Annotated
  Title 28. Judiciary and Judicial Procedure (Refs & Annos)
    Part IV. Jurisdiction and Venue (Refs & Annos)
      Chapter 89. District Courts; Removal of Cases from State Courts (Refs & Annos)

28 U.S.C.A. § 1441

§ 1441. Removal of civil actions

Currentness

**(a) Generally.**--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

**(b) Removal based on diversity of citizenship.**--**(1)** In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

**(2)** A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

**(c) Joinder of Federal law claims and State law claims.**--**(1)** If a civil action includes--

**(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

**(B)** a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,

the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

**(2)** Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

**(d) Actions against foreign States.**--Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without

jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown.

**(e) Multiparty, multiforum jurisdiction.--(1)** Notwithstanding the provisions of subsection (b) of this section, a defendant in a civil action in a State court may remove the action to the district court of the United States for the district and division embracing the place where the action is pending if--

    **(A)** the action could have been brought in a United States district court under section 1369 of this title; or

    **(B)** the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

The removal of an action under this subsection shall be made in accordance with section 1446 of this title, except that a notice of removal may also be filed before trial of the action in State court within 30 days after the date on which the defendant first becomes a party to an action under section 1369 in a United States district court that arises from the same accident as the action in State court, or at a later time with leave of the district court.

**(2)** Whenever an action is removed under this subsection and the district court to which it is removed or transferred under section 1407(j) [1] has made a liability determination requiring further proceedings as to damages, the district court shall remand the action to the State court from which it had been removed for the determination of damages, unless the court finds that, for the convenience of parties and witnesses and in the interest of justice, the action should be retained for the determination of damages.

**(3)** Any remand under paragraph (2) shall not be effective until 60 days after the district court has issued an order determining liability and has certified its intention to remand the removed action for the determination of damages. An appeal with respect to the liability determination of the district court may be taken during that 60-day period to the court of appeals with appellate jurisdiction over the district court. In the event a party files such an appeal, the remand shall not be effective until the appeal has been finally disposed of. Once the remand has become effective, the liability determination shall not be subject to further review by appeal or otherwise.

**(4)** Any decision under this subsection concerning remand for the determination of damages shall not be reviewable by appeal or otherwise.

**(5)** An action removed under this subsection shall be deemed to be an action under section 1369 and an action in which jurisdiction is based on section 1369 of this title for purposes of this section and sections 1407, 1697, and 1785 of this title.

**(6)** Nothing in this subsection shall restrict the authority of the district court to transfer or dismiss an action on the ground of inconvenient forum.

**(f) Derivative removal jurisdiction.**--The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.

## CREDIT(S)

(June 25, 1948, c. 646, 62 Stat. 937; Pub.L. 94-583, § 6, Oct. 21, 1976, 90 Stat. 2898; Pub.L. 99-336, § 3(a), June 19, 1986, 100 Stat. 637; Pub.L. 100-702, Title X, § 1016(a), Nov. 19, 1988, 102 Stat. 4669; Pub.L. 101-650, Title III, § 312, Dec. 1, 1990, 104 Stat. 5114; Pub.L. 102-198, § 4, Dec. 9, 1991, 105 Stat. 1623; Pub.L. 107-273, Div. C, Title I, § 11020(b)(3), Nov. 2, 2002, 116 Stat. 1827; Pub.L. 112-63, Title I, § 103(a), Dec. 7, 2011, 125 Stat. 759.)

Notes of Decisions (3688)

Footnotes

1        So in original. Section 1407 of this title does not contain a subsec. (j).

28 U.S.C.A. § 1441, 28 USCA § 1441

Current through P.L. 115-140. Also includes P.L. 115-158 to 115-160. Title 26 includes updates from P.L. 115-141, Divisions M, T, and U (Titles I through III).

**End of Document**                                    © 2018 Thomson Reuters. No claim to original U.S. Government Works.

United States Code Annotated
Title 28. Judiciary and Judicial Procedure (Refs & Annos)
Part IV. Jurisdiction and Venue (Refs & Annos)
Chapter 89. District Courts; Removal of Cases from State Courts (Refs & Annos)

28 U.S.C.A. § 1446

§ 1446. Procedure for removal of civil actions

Currentness

**(a) Generally.**--A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

**(b) Requirements; generally.**--(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

**(2)(A)** When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

**(B)** Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

**(C)** If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

**(3)** Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

**(c) Requirements; removal based on diversity of citizenship.**--(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

**(2)** If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--

**(A)** the notice of removal may assert the amount in controversy if the initial pleading seeks--

**(i)** nonmonetary relief; or

**(ii)** a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and

**(B)** removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

**(3)(A)** If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3).

**(B)** If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1).

**(d) Notice to adverse parties and State court.**--Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

**(e) Counterclaim in 337 proceeding.**--With respect to any counterclaim removed to a district court pursuant to section 337(c) of the Tariff Act of 1930, the district court shall resolve such counterclaim in the same manner as an original complaint under the Federal Rules of Civil Procedure, except that the payment of a filing fee shall not be required in such cases and the counterclaim shall relate back to the date of the original complaint in the proceeding before the International Trade Commission under section 337 of that Act.

[**(f)** Redesignated (e)]

**(g)** Where the civil action or criminal prosecution that is removable under section 1442(a) is a proceeding in which a judicial order for testimony or documents is sought or issued or sought to be enforced, the 30-day requirement of subsection (b) of this section and paragraph (1) of section 1455(b) is satisfied if the person or entity desiring to remove the proceeding files the notice of removal not later than 30 days after receiving, through service, notice of any such proceeding.

**CREDIT(S)**

(June 25, 1948, c. 646, 62 Stat. 939; May 24, 1949, c. 139, § 83, 63 Stat. 101; Pub.L. 89-215, Sept. 29, 1965, 79 Stat. 887; Pub.L. 95-78, § 3, July 30, 1977, 91 Stat. 321; Pub.L. 100-702, Title X, § 1016(b), Nov. 19, 1988, 102 Stat. 4669; Pub.L.

102-198, § 10(a), Dec. 9, 1991, 105 Stat. 1626; Pub.L. 103-465, Title III, § 321(b)(2), Dec. 8, 1994, 108 Stat. 4946; Pub.L. 104-317, Title VI, § 603, Oct. 19, 1996, 110 Stat. 3857; Pub.L. 112-51, § 2(c), Nov. 9, 2011, 125 Stat. 545; Pub.L. 112-63, Title I, §§ 103(b), 104, Dec. 7, 2011, 125 Stat. 760, 762.)


Notes of Decisions (2242)

28 U.S.C.A. § 1446, 28 USCA § 1446

Current through P.L. 115-140. Also includes P.L. 115-158 to 115-160. Title 26 includes updates from P.L. 115-141, Divisions M, T, and U (Titles I through III).

---

**End of Document**                              © 2018 Thomson Reuters. No claim to original U.S. Government Works.



# How to Remove a Case to Federal Court

Hillary Chinigo Campbell – March 2, 2017

While a plaintiff is the master of her complaint (and decides the forum in which she will file a lawsuit), the defendant is not without any say in the matter. The procedure for removal allows a defendant to remove certain cases filed in state court to federal court. In some circumstances, your client's litigation position may be significantly enhanced by the opportunity to litigate in federal court. For instance, removing a case from state court to federal court may alleviate concerns about possible prejudice or bias against an out-of-state-defendant. It may allow a defendant to take advantage of federal procedural rules, including, for example, rules governing expert testimony. Or it may provide a defendant with an avenue to consolidate mass litigation through the multidistrict litigation procedures. Whatever reason your client may have for wanting to litigate in federal court, it is critical that you be able to analyze efficiently the potential bases for removal in a complaint and that you also be well versed in the requirements for doing so. District courts will strictly analyze removals. A failure to comply with substantive and procedural requirements is likely to result in the remand of your client's case.

**Deadline for Removal**
One of the first things to do after receiving a complaint is to determine the deadline for removal. By the time you are retained to represent a client, there may be little time to remove the case, underscoring the importance of your ability to quickly discern the potential avenues for removal. A notice of removal must be filed within 30 days after the defendant's receipt of the initial pleading "through service or otherwise" or within 30 days after service of the summons on the defendant, if the initial pleading is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. § 1446(b)(1).

However, just because a case is not initially removable does not mean it may never become so. It is, therefore, important to stay alert to developments in litigation that may make a case removable. If a case is not initially removable, a notice of removal may be filed within 30 days after the defendant's receipt, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it first may be ascertained that the case is one that is or has become removable. 28 U.S.C. § 1446(b)(3). While the meanings of "pleading," "motion" and "order" seem clear, the definition of "other paper" has been the subject of litigation, and the courts are not always consistent in interpreting that term's meaning. This second chance at removal will not always exist in diversity cases, however. A case that is removable solely on the basis of diversity jurisdiction may be removed based on an amended pleading, motion, order, or other paper only within one year of the commencement of the lawsuit, unless the district court

1

finds that the plaintiff has acted in bad faith to prevent the defendant from removing an action. 28 U.S.C. § 1446(c)(1).

A failure to timely file a notice of removal will result in remand back to state court, so careful attention should be paid to these strict jurisdictional deadlines.

**Where to Remove**
In order to determine whether removal will benefit your client, you must know to which district court the case will be removed. If a case is removable, it may be removed to the district court for the district and division in which the state court action is pending. 28 U.S.C. § 1446(a). Once you have determined the district to which you will remove, you should review the local rules governing removal in your jurisdiction and become familiar with the judges presiding in that district.

**Common Bases for Removal**
Next, you must determine whether your case is removable. While there are many avenues for removal, *see, e.g.*, 28 U.S.C. §§ 1442, 1443, 1444, and 1446, the most common bases for removal are pursuant to the federal court's jurisdiction provided through either 28 U.S.C. section 1331 or 1332. This article focuses on jurisdiction provided by sections 1331 and 1332.

When analyzing the possibility of removal, first review the complaint to determine whether federal question jurisdiction exists. In other words, determine whether the action arises under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. The determination of whether a claim "arises under" federal law must be made by reference to the "well-pleaded complaint." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The vast majority of cases brought under federal question jurisdiction are those cases in which federal law creates the cause of action. *See id.* A defense that raises a federal question, however, will not confer federal jurisdiction. *See id.*

If federal question jurisdiction does not exist, you must next determine whether the court has diversity jurisdiction. Diversity jurisdiction exists where the plaintiff(s) on the one hand and the defendant(s) on the other hand are citizens of different states, and where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Section 1332 also deals with circumstances involving citizens of foreign states, as well as the unique rules governing diversity jurisdiction as it pertains to class actions. This article focuses on diversity jurisdiction involving citizens of different states.

The first step in this analysis is to determine whether complete diversity exists between the plaintiff(s) and the defendant(s). This may be as simple as determining the citizenship of each of the parties and finding complete diversity exists. In other cases, there may be a defendant who destroys diversity. Before deciding that removal is not possible, you should consider whether the nondiverse defendant has been fraudulently joined. A defendant is considered fraudulently joined when the plaintiff has not stated or cannot state a claim for relief against the nondiverse defendant under the applicable substantive law or does not intend to secure a judgment against that particular defendant. *See* 14B Charles A. Wright et al., *Federal Practice and Procedure* § 3723 (4th ed. 2009). As a practical matter, you can think about this analysis much as you

would if you were filing a motion to dismiss on behalf of the nondiverse defendant. A removing defendant may also establish fraudulent joinder by establishing that there has been outright fraud in the plaintiff's pleading of the jurisdictional facts. *See id.* Establishing fraudulent joinder can be difficult, though, as "there need only be a *possibility* that a right to relief exists under the governing law to avoid a court's finding of fraudulent joinder." *Id.* (emphasis added). You should counsel your client accordingly.

After you determine the citizenship of each of the parties, you must consider whether any of the defendants is a citizen of the state in which the action was brought. An action is not removable on the basis of diversity jurisdiction if any defendant who has been properly joined and served is a citizen of the state in which the plaintiff brought the action. 28 U.S.C. § 1441(b)(2).

Next, you must consider whether the amount in controversy exceeds $75,000, exclusive of interest and costs. When the plaintiff seeks more than $75,000 in the complaint, the complaint generally is determinative on this issue. Like the citizenship analysis, however, the amount in controversy may not always be determinable from the face of the complaint. For instance, a complaint may contain an unspecified damages demand. In that case, the defendant will bear the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. You might support such an assertion by offering evidence of the monetary value of the damages sought—e.g., the amount of a plaintiff's earnings in a claim for lost wages or the amount of a plaintiff's medical bills in a claim asserting personal injury. You might also rely on jury verdicts in factually similar cases exceeding $75,000. Because punitive damages are included in calculating the jurisdictional amount, you should highlight that punitive damages are being sought where the plaintiff has made a demand for such damages. In other instances, the plaintiff may be seeking equitable relief. In an action seeking declaratory or injunctive relief, you should establish that the value of the object of the litigation exceeds $75,000. One practical advantage of making an amount in controversy argument is that it may cause the plaintiff to disclaim damages in excess of $75,000, if the plaintiff wishes to avoid removal to federal court.

These are not the only bases for removal, and care should be taken to analyze other potential bases for removal.

**Procedural Requirements for Removal**

Once you have determined that your case is removable, it is critical to understand the procedural requirements for removal. The failure to comply with them may result in remand.

To effectuate a removal, the defendant must file a short and plain statement of the grounds for removal, which shall be signed pursuant to Federal Rule of Civil Procedure 11. 28 U.S.C. § 1446(a).

The defendant shall also file with the notice of removal "a copy of all process, pleadings, and orders served upon" the defendant(s). 28 U.S.C. § 1446(a). Practically speaking, attaching the entire state court file to the notice of removal will satisfy this requirement. The state court clerk's office can be a helpful resource in ensuring you have all necessary processes, pleadings, and orders, even in jurisdictions maintaining an online docket. Depending on the complexity of the case and when in the course of litigation the case is removed, it can be time consuming to collect

https://www.americanbar.org/groups/litigation/committees/woman-advocate/articles/2017/how-to-remove-case-to-federal-court.html

such documents from the state court. It is therefore important to start the removal process with ample time to complete these procedural tasks.

For actions removed solely under 28 U.S.C. section 1441, all defendants who have been properly joined and served must join in or consent to the removal. 28 U.S.C. § 1446(b)(2). It can be difficult to coordinate obtaining such consent among your codefendants, providing another reason to start the removal process early.

Finally, the removing defendant must provide written notice of the removal to all adverse parties and must file a copy of the notice with the clerk of the state court in which the action was brought. 28 U.S.C. § 1446(d). It is prudent to attach a copy of the notice of filing to your notice of removal. Reference should be made to the local rules to determine whether a file-stamped copy must be attached to the notice of removal.

Most importantly, while this article attempts to set out some of the standard jurisdictional bases for removal, as well as some of the requirements for removal, it is imperative to review and understand the procedural and substantive law governing the district to which you will remove your case, as well as the governing local rules.

4

RODNEY R. PARKER (4110)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145-5000
Telephone: (801) 521-9000

*Attorneys for Defendant Beretta U.S.A. Corp.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| JACOB SEAN BARBEN,<br><br>          Plaintiff,<br><br>      vs.<br><br>BERETTA U.S.A. CORP., a Delaware<br>Corporation; FEDERAL CARTRIDGE<br>COMPANY, a Minnesota Corporation.<br><br>         Defendants. | NOTICE OF REMOVAL OF A CIVIL<br>ACTION FROM STATE COURT TO<br>FEDERAL COURT<br><br>No. 1:16-cv-00094-BCW |

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Beretta U.S.A. Corp. hereby gives notice of removal of the civil action pending against it in the Second Judicial District Court of Weber County, State of Utah to this Court. The grounds for removal are as follows:

1.    This action was commenced by the filing of a Complaint in the Second Judicial District of Weber County, State of Utah on or about August 6, 2015 and duly served on all parties defendant thereafter. On September 25, 2015, plaintiff filed a Second Amended Complaint, and said document constitutes the most recent complaint

setting forth plaintiff's claims.  A copy of plaintiff's Second Amended Complaint is attached hereto as Exhibit A.

2.      Plaintiff Jacob Sean Barben represents in his complaint that he is a citizen of the State of Utah.  Second Amended Complaint at ¶ 2.

3.      Beretta U.S.A. Corp. is a corporation organized under the laws of the State of Maryland with its principal place of business outside the State of Utah.

4.      Federal Cartridge Company is a corporation organized under the laws of the State of Minnesota with its principal place of business outside the State of Utah.

5.      At the time of filing of the action in Weber County, Sportsman's Warehouse, Inc., a Utah corporation, was also a defendant.  The state court entered its order dismissing plaintiff's claims against Sportsman's Warehouse with prejudice on June 15, 2016.  (A copy of said order is attached hereto as Exhibit B.)  Accordingly, as of June 15, 2016, the diversity of citizenship requirements of 28 U.S.C. §§ 1332(a) and 1441(b) 2343 are satisfied.

6.      The Second Amended Complaint states, "The value of Plaintiff's claims is greater than $300,000."  (Second Amended Complaint, ¶ 9.)  According, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.  *See* 28 U.S.C. § 1446(c)(2).

7.      Removal of this action is timely under 28 U.S.C. § 1446(b)(3) because less than 30 days have elapsed since entry of the state court's June 15, 2016 order dismissing plaintiff's claims against the non-diverse defendant, which order established for the first time that the case had become removable.

8.      Written notice of this removal is being served this date on counsel for plaintiff.

9.      Defendant Federal Cartridge Company, through its counsel Tyler V. Snow, has consented to removal.  *See* Consent attached hereto as Exhibit C.

10.      A true and correct copy of this Notice of Removal is being filed this date with the Clerk of the Second Judicial District Court, Weber County, State of Utah.

11.      This Court has original jurisdiction of the above-entitled action, pursuant to 28 U.S.C. § 1332, and hence, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a).

WHEREFORE, Beretta U.S.A. Corp. hereby submits notice that the above-entitled matter is removed from the Second Judicial District Court in and for Weber County, State of Utah, to the United States District Court for the State of Utah, Northern Division, in accordance with the provisions of 28 U.S.C. § 1446.

DATED:  June 29, 2016.

SNOW, CHRISTENSEN & MARTINEAU

By_____
Rodney R. Parker
*Attorneys for Defendant*
*Beretta U.S.A. Corp.*

C:\NRPORTBL\IDOCS\RRP\3755018_1.DOCX:6/29/16

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing NOTICE OF

REMOVAL OF A CIVIL ACTION FROM STATE COURT TO FEDERAL COURT was

served by U.S. Mail on June 29, 2016 as follows:

DUSTIN LANCE
JESSICA A ANDREW
LANCE ANDREW PC
15 W SOUTH TEMPLE STE 1650
SALT LAKE CITY UT 84111

SCOTT T EVANS
TYLER V SNOW
CHRISTENSEN & JENSEN PC
257 E 200 S STE 1100
SALT LAKE CITY UT 84111

_____s/ Rodney R. Parker_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANGELA K. NIELSON, individually and on behalf of THE ESTATE OF BRETT W. NIELSON; RYLEE NIELSON; ERIC NIELSON; and LINDA NIELSON,<br><br>     Plaintiffs,<br><br>v.<br><br>HARLEY DAVIDSON MOTOR COMPANY GROUP, LLC; GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD.; THE GOODYEAR TIRE & RUBBER CO.; SUMITOMO RUBBER USA, LLC; and BELLINGHAM HARLEY DAVIDSON, INC.,<br><br>     Defendants. | **ORDER TO SHOW CAUSE**<br><br><br><br>Case No. 4:18-cv-00013-DN-DBP<br><br>District Judge David Nuffer |

A federal court has a duty to consider *sua sponte* whether it has subject matter jurisdiction whenever a question arises as to the existence of federal jurisdiction.[1] If the court determines that it lacks subject matter jurisdiction, it must dismiss the case.[2]

Plaintiffs allege diversity under 28 U.S.C. § 1332(a)(1) as the basis for federal subject matter jurisdiction in this case.[3] "To invoke the power of the court pursuant to § 1332, allegations of diversity must be pleaded affirmatively."[4] This requires a plaintiff's complaint to include allegations showing that "all parties on one side of the litigation are of a different

---

[1] *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977).

[2] FED. R. CIV. P. 12(h)(3).

[3] Complaint ¶ 13, docket no. 2, filed Apr. 11, 2018.

[4] *Martinez v. Martinez*, 62 Fed. App'x 309, 313 (10th Cir. 2003).

citizenship from all parties on the other side of the litigation."[5].And when a party is an unincorporated business association—such as a limited liability company—the complaint's allegations of citizenship for that party must include the citizenship of "all the entities' members."[6]

 Harley Davidson Motor Company Group, LLC and Sumitomo Rubber USA, LLC are named defendants in Plaintiffs' Complaint.[7] By name, these defendants are limited liability companies. However, the Complaint's allegations of citizenship identify these defendants as corporations:

- Harley Davidson Motor Company Group, LLC is a Wisconsin corporation doing business in the State of Wisconsin with its principal place of business located at 3700 West Juneau, Milwaukee, Wisconsin, 53208.[8]

- Sumitomo Rubber USA, LLC is an Ohio corporation doing business in the State of Wisconsin with its principal place of business located at 10 Sheridan Drive, Tonawanda, NY 14150.[9]

 This potential inconsistency—limited liability company versus corporation—prevents evaluation of subject matter jurisdiction in this case. If these defendants are, in fact, limited liability companies, the Complaint's allegations of citizenship are insufficient because the citizenship of all the entities' members are not identified.[10] Therefore,

 IT IS HEREBY ORDERED that by no later than Wednesday, May 2, 2018, Plaintiffs must file a notice identifying whether Haley Davidson Motor Company Group, LLC and Sumitomo Rubber USA, LLC are limited liability companies or corporations. And if either of

---

[5] *Depex Reina 9 P'ship v. Texas Int'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990).

[6] *Mgmt. Nominees, Inc. v. Alderney Invs., LLC*, 813 F.3d 1321, 1325 (10th Cir. 2016) (internal citations omitted).

[7] Complaint ¶¶ 8, 10.

[8] *Id*. ¶ 10.

[9] *Id*. ¶ 8.

[10] *Mgmt. Nominees, Inc.*, 813 F.3d at 1325.

these entities are limited liability companies, Plaintiffs' notice must identify—at least upon information and belief—the names and citizenship of all the entity's members.

If Plaintiffs are otherwise unable to provide this information, or believe it unnecessary to the jurisdictional analysis, Plaintiffs must file by no later than Wednesday, May 2, 2018, a response to this Order stating the reason the information could not be provided, or the basis for this court's exercise of subject matter jurisdiction in this case.

Signed April 18, 2018.

BY THE COURT

_____

District Judge David Nuffer

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STAKER & PARSON COMPANIES, INC., d/b/a WESTERN ROCK PRODUCTS, a Utah Corporation,<br><br>               Plaintiff,<br><br>v.<br><br>SCOTTSDALE INSURANCE COMPANY, an Ohio corporation; COLORADO CASUALTY INSURANCE COMPANY, a New Hampshire corporation; HANCOCK-LEAVITT INSURANCE AGENCY, INC., an Arizona corporation; DOE INDIVIDUALS 1-10, unknown individuals; and ROE ENTITIES 1-10, unknown entities,<br><br>               Defendants. | **AMENDED ORDER TO SHOW CAUSE**<br><br><br>Case No. 4:18-cv-00014-DN-DBP<br><br>District Judge David Nuffer |

A federal court has a duty to consider *sua sponte* whether it has subject matter jurisdiction whenever a question arises as to the existence of federal jurisdiction.[1] If the court determines that it lacks subject matter jurisdiction, it must dismiss the case.[2]

This case was originally filed in the Fifth Judicial District Court, Washington County, State of Utah.[3] The case was removed to this court on April 16, 2018, by Defendant Colorado

---

[1] *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977).

[2] FED. R. CIV. P. 12(h)(3).

[3] Notice of Removal of Action to United States District Court ("Notice of Removal") at 1, docket no. 2, filed Apr. 16, 2018.

Casualty Insurance Company ("Colorado").[4] As the removing party, Colorado has the burden of establishing federal subject matter jurisdiction.[5]

Colorado alleges diversity, under 28 U.S.C. § 1332(a), as the basis for federal subject matter jurisdiction.[6] "[D]iversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation."[7] And in the case of corporations, the corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .'"[8]

It is not clear that complete diversity, the only basis stated for federal subject matter jurisdiction, is present. Plaintiff's First Amended Complaint alleges that Defendant Hancock-Leavitt Insurance Agency, Inc. ("Hancock-Leavitt") "is an Arizona corporation that transacts business in the State of Utah and maintains its corporate offices in the State of Utah."[9] Prior to Colorado's removal of the case to this court, Hancock-Leavitt filed a Motion to Dismiss for lack of personal jurisdiction in the state court.[10] In opposing the Motion to Dismiss, Plaintiff argued and presented evidence that while Hancock-Leavitt is incorporated in Arizona, its principal place of business is located in Cedar City, Utah.[11] Plaintiff also filed a motion seeking jurisdictional

---

[4] *Id*.

[5] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

[6] Notice of Removal at 2.

[7] *Depex Reina 9 P'ship v. Texas Int'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990).

[8] *Id*. (quoting 28 U.S.C. § 1332(c)).

[9] First Amended Complaint and Jury Demand ("First Amended Complaint") ¶ 6, docket no. 2-6, filed Apr. 16, 2018.

[10] Motion to Dismiss, docket no. 2-9, filed Apr. 16, 2018. The Motion to Dismiss has since been refiled on this court's docket as docket no. 13.

[11] Memorandum Opposing Motion to Dismiss ("Opposition") at, 5-8, 10-11, docket no. 2-10, filed Apr. 16, 2018.

discovery.[12] The docket reflects that Hancock-Leavitt has not filed a reply in support of its Motion to Dismiss or a response to Plaintiff's Motion for Jurisdictional Discovery. The docket also reflects that Colorado has not filed briefing regarding either motion.

The location of Hancock-Leavitt's principal place of business may be dispositive to both the question of whether complete diversity exists to invoke federal subject matter jurisdiction and Hancock-Leavitt's Motion to Dismiss. If Hancock-Leavitt's principal place of business is in Utah, then complete diversity is lacking and this court lacks federal subject matter jurisdiction. However, if Hancock-Leavitt's principal place of business in not located in Utah, then complete diversity and federal subject matter jurisdiction exist, but additional considerations will be necessary to determine whether Utah may exercise personal jurisdiction over Hancock-Leavitt. Therefore,

IT IS HEREBY ORDERED that:

1) Plaintiff's Motion for Jurisdictional Discovery[13] is GRANTED. The deadline for the parties to conduct jurisdictional discovery is Thursday, May 24, 2018. The jurisdictional discovery is limited to information relevant to the determination of the location of Hancock-Leavitt's principal place of business and whether Utah may exercise personal jurisdiction over Hancock-Leavitt. Plaintiff and Colorado may each propound written discovery consisting of no more than five interrogatories; five requests for production; and ten requests for admission. Responses shall be due within 14 days. The parties shall meet and confer immediately to schedule no more than two depositions taken by Plaintiff and Colorado related to Hancock-

---

[12] Motion for Jurisdictional Discovery, docket no. 12-15, filed Apr. 18, 2018. The Motion for Jurisdictional Discovery has since been refiled on this court's docket as docket no. 14, filed Apr. 16, 2018.

[13] Docket no. 14, filed Apr. 16, 2018.

3

Leavitt's principal place of business and whether Utah may exercise personal jurisdiction over Hancock-Leavitt.

  2)  By no later than June 1, 2018, Colorado must file a response to this Order. Colorado's response must identify the basis for federal subject matter jurisdiction in this case, or lack thereof. The response must attach and include citation to supporting evidence.

  3)  By no later than June 1, 2018, Plaintiff and Hancock-Leavitt must file responses to this Order. Plaintiff and Hancock-Leavitt's responses must identify the basis for federal subject matter jurisdiction in this case, or lack thereof, as well as argument regarding whether Utah may exercise personal jurisdiction over Hancock-Leavitt. The responses must attach and include citation to supporting evidence. No further briefing will be permitted.

  4)  Oral argument on whether federal subject matter jurisdiction exists in this case and Hancock-Leavitt's Motion to Dismiss[14] will be held at the scheduling conference currently scheduled for Wednesday, June 15, 2018, at 9:00 a.m. in courtroom 2B (St. George).

  Signed April 24, 2018.

BY THE COURT

_____

District Judge David Nuffer

---

[14] Docket no. 13, filed Apr. 16, 2018.

4